KASPAR G. SCHMIDT

v.

LOUISE S. GLADE.

*Filed at Ottawa November 15, 1888.*

1. ACTION—*contract—liability of grantee in deed poll.* Where a party accepts a deed poll requiring him to pay a sum of money, he will be liable, in an action of assumpsit, to pay the liability therein mentioned.

2. On bill by the executor of a deceased partner to settle the partnership matters, it was agreed by the parties that the value of the firm assets should be ascertained by arbitrators appointed, deducting there-from the firm liabilities and the services of the surviving partner, and that the latter should pay the executrix one-half of such appraisal, and she was to convey and assign to him all the firm assets, subject to the payment of the firm debts, which the surviving partner was to assume and pay,—and this was made a matter of record by the decree. The latter paid one-half the appraisal, and received a deed and bill of sale of the firm property, which recited he was to pay the debts of the firm. The firm books showed an indebtedness of the firm to the deceased partner of $1800 : *Held,* that the surviving partner was liable in assumpsit to the executrix for the amount of such indebtedness, and that the award and decree were not a bar to an action by her for its recovery.

3. Where a bill for an accounting between partners leads to an agreement that the complainant is to sell to the defendant the partnership effects, upon payment of one-half its appraised value, less the debts of the firm, including debts to the partners, and the compensation to the defendant for closing the business as receiver, who is to assume and pay the firm debts, and he pays the complainant one-half the value of the property after deducting such indebtedness and his compensation, and the complainant gives him a deed for the property, under the decree of the court, based on such agreement, which expressly provides that he is to pay the debts of the firm, he will be liable to the complainant for any sum the firm may owe the latter, in an action of assumpsit. His obligation to pay will rest upon and grow out of the agreement in the deed to him, although he may not have executed the same.

4. ARBITRATION AND AWARD—*evidence of arbitrators to impeach their own award.* Where arbitrators recite in their award that they have disposed of a matter submitted to their arbitrament, in the manner required by the agreement for submission, it can not be shown by parol evidence of the arbitrators, that they disposed of such matter in another and different manner.

5. A surviving partner agreed to purchase the firm property for half its appraised value, less the firm liabilities and the compensation for his services as receiver and manager after the death of his co-partner, and arbitrators were selected to appraise the property. The arbitrators in their award recited that they appraised and found the entire value of the property in the hands of the survivor, as purchaser thereof, at $161,245.94, "after deducting all the liabilities of said firm, and also deducting the compensation due S. for his services as manager and receiver." In a suit by the executor of the deceased partner for the amount due him from the firm, the surviving partner, S., offered to prove by two of the arbitrators, that they offset the claim sued on, against the defendant's services as manager and receiver: *Held,* that to admit such evidence would be to permit the arbitrators to impeach their award, which could not be done.

6. Same—*award—how far conclusive.* Where arbitrators do not go beyond the terms of the reference, and there is no fraud or mistake, the award is conclusive upon the parties.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Mr. Wm. Vocke, and Mr. Harvey Storck, for the appellant:

Appellee was bound to present and litigate her entire claim in the chancery suit. 2 Taylor on Evidence, sec. 1513; *Camp* v. *Morgan,* 21 Ill. 255; *Casselberry* v. *Forquer,* 27 id. 170; *Aurora City* v. *West,* 7 Wall. 82; *Goodrich* v. *Gale,* 8 Allen, 454.

The court erred in refusing to allow the arbitrators to testify that appellee's claim was set off by them against appellant's compensation. Morse on Arbitration, 570; *Spurck* v. *Crook,* 19 Ill. 425; *Hale* v. *Huse,* 10 Gray, 99.

Messrs. Smith & Pence, for the appellee:

Appellant's duty to pay the debt of the firm arose under the deed poll to him, which was made after the award and decree.

If a partner overdraws his account, he owes the firm, and if he contributes more than his share, the firm owes him. *Jones* v. *Bliss,* 45 Ill. 144; *Wiggins* v. *Cummings,* 8 Allen, 353.

When appellant agreed with appellee, in consideration of the sale to him of all her interest in the assets, to pay all the

liabilities, he became liable at law. *Covert* v. *Howard*, 9 Mass. 303; Parsons on Partnership, 282, notes, 283, note g.

The decree is not final upon the parties except as to the very matters submitted to arbitration, and this claim was not submitted.

Arbitrators are not competent witnesses to impeach their own award or to prove their own misconduct. *Bigelow* v. *Maynard*, 4 Cush. 317; *Stone* v. *Atwood*, 28 Ill. 30; *Claycomb* v. *Butler*, 36 id. 100; *Denman* v. *Bayless*, 22 id. 302; 1 Greenleaf on Evidence, sec. 249.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of assumpsit, brought in the Superior Court of Cook County by Louise S. Glade, as executrix of the estate of Herman O. Glade, deceased, a partner, in his lifetime, of Kaspar G. Schmidt, under the firm name of Schmidt & Glade, to recover from Schmidt $1881.93 due the deceased from said firm, on the ground that Schmidt, after the death of Glade, assumed and agreed to pay the same.

February 12, 1882, Glade died testate, leaving all his estate to his widow, the appellee herein. He was, at the time of his death, and, for some time prior thereto, had been, engaged in the business of manufacturing and selling beer, as a member of said firm, composed of himself and appellant.

On June 30, 1882, appellee, as executrix and sole devisee, filed a bill in the Circuit Court of Cook County against appellant, claiming to be entitled to one half of the assets of the firm, and praying for a winding up of the partnership affairs, the appointment of a receiver, the collection and sale of the assets, the payment of the debts, the distribution of the surplus, etc. No answer to this bill was filed by Schmidt. He was appointed receiver; and the chancery suit was disposed of by a stipulation in writing between him and Mrs. Glade, and by such proceedings as were based upon and grew out of this stipulation.

By the terms of the stipulation it was agreed, that the court should enter a decree of sale of all the property, real and personal, of the firm, and of the brewery business and the good will thereof, except the doubtful and desperate accounts, to Schmidt, subject to all the outstanding liabilities and obligations of the firm, upon his payment of one half of the sum to be fixed as the value thereof by three arbitrators to be selected, one by each of the parties and one by the court. The stipulation prescribed the form of the report or award to be made by the arbitrators, and laid down certain rules by which they were to be governed in ascertaining the value of the assets. It also provided, that, in the decree of sale to be entered upon the coming in of the report, appellee should be required, upon payment by appellant of one half of the sum so reported, to execute a conveyance to him of said property and assets, and that such conveyance should be in full for all the right, title and interest of Glade deceased in and to the real estate and personal property, rights, credits and choses in action of the late firm, except the doubtful accounts, it being distinctly stated that the sale to him should be "subject to the payment of all the liabilities of the firm of Schmidt & Glade."

The arbitrators, in accordance with the form prescribed for them, made the following report of their appraisement:

"We, the undersigned arbitrators, hereby appraise and find the entire value of the brewery business, real and personal property and assets of the late firm of Schmidt & Glade, on August 21, 1882, inclusive of the good-will of said business in the hands of Kaspar G. Schmidt as a purchaser thereof, at the sum of one hundred and sixty-one thousand, two hundred and forty-five dollars and ninety-four one-hundredths ($161,-245.94), after deducting all the liabilities of said firm, and also deducting the compensation of said Schmidt for his services as manager and receiver as aforesaid.

(Signed) JOHN GOOD,
    MATTHEUS GOTTFRIED,
    MICHAEL KEELEY."

This appraisement was filed in court, and a decree was thereupon entered, ordering a sale of the property, business and assets to Schmidt, "subject to all mortgages, trust deeds, liens, etc., and to all liabilities of the firm, all of which liens, etc., and liabilities he, the said Schmidt, assumes and agrees to pay," and further ordering, that appellee execute to him the conveyance and bill of sale aforesaid, "providing therein * * * that said Schmidt shall assume and agree to pay * * * all the liabilities of the late firm of Schmidt & Glade."

Schmidt paid Mrs. Glade $80,622.97, being one half of the sum named in the award, and she executed to him the deed and bill of sale, in both of which it was recited that the same were "subject to all the liabilities of the late firm of Schmidt & Glade, all of which liens, encumbrances and liabilities said Schmidt hereby assumes and agrees to pay."

The rules, prescribed by the stipulation for the guidance of the arbitrators, required them, in determining the valuation aforesaid, to deduct all the liabilities of the firm, and to ascertain those liabilities from the balance sheets taken when the books should be closed by them and at the time of their appraisement of the stock on hand, etc. Under these rules, the individual accounts of Schmidt and Glade respectively were to be ascertained from the books, and "the accounts due by or from them respectively" were to be "treated as the accounts of strangers." In taking said account, the arbitrators were authorized to allow Schmidt such compensation as they might deem just and reasonable for his services, as the manager of the business since the death of Glade, and as receiver under the order of the court.

The facts above recited are set forth in the declaration in the case at bar. A jury was waived by agreement and the cause submitted to the court for trial, resulting in judgment in favor of the plaintiff for $2469.00. This judgment has been affirmed by the Appellate Court and is brought before us by appeal from the latter court.

The first question arising upon the record is, whether the action of *assumpsit* is the proper remedy to be pursued under the facts thus stated.

· Upon the trial the following admission was made by the defendant: "It is admitted by the defendant, that, at the time of the closing of the business of the late firm of Schmidt & Glade by arbitration, the books showed a balance in favor of said Herman O. Glade, deceased, due from said firm, amounting to $1881.93." Therefore, the indebtedness sued for in this action was one of the liabilities of the firm. By the terms of the stipulation and of the decree of sale and of the deed and bill of sale aforesaid, the appellant agreed to assume and pay the liabilities of the firm. It is only necessary to consider the terms of the deed conveying the real estate of the firm to appellant and executed by appellee in obedience to the decree above mentioned. · This deed recites, that it is subject to the incumbrances on the property and to the liabilities of the firm, and that the party of the second part thereto, who is the appellant in this case, assumes and agrees to pay such incumbrances and liabilities. The deed was delivered to appellant and accepted by him. The law is, that, where such a deed poll is accepted by the grantee, he is liable in an action of assumpsit to pay the liabilities therein mentioned. *Guild* v. *Leonard*, 18 Pick. 511; *Goodwin et al.* v. *Gilbert et al.* 9 Mass. 510; *Dean* v. *Walker*, 107 Ill. 540.

Appellant undertook to pay all the debts of the co-partnership to whomsoever due. Appellee, as executrix and sole devisee of the deceased co-partner, could as well be a creditor of the firm as a stranger, and, if she was, the appellant agreed to pay her. (*Hobart* v. *Howard*, 9 Mass. 304.)

We, therefore, think that *assumpsit* will lie in this case.

The second question is, whether the present cause of action was embraced in the chancery proceeding and there adjudicated upon, and whether the arbitration, which there took place, is a bar to the proceeding in this case. We do not

think that the decree in the chancery cause was a final adjudication upon the claim of $1881.93.

The arbitration was more for the purpose of establishing the value of the firm assets, which Schmidt was to buy, than for the purpose of settling the partnership affairs. This is shown by the language of the award. In ascertaining the value of the assets the arbitrators deducted all the liabilities of the firm, including the claim here sued upon. By so doing, the value was lessened, and the amount to be paid by appellant was reduced. They were directed to treat the accounts between the partners and the firm as the accounts of strangers. Hence, the indebtedness to Glade was to be considered as much a liability of the firm as the claim of any other creditor. The liabilities of the firm were taken out and set aside for future arrangement between the creditors and Schmidt. The chancery proceeding led up to and ended in an agreement by Schmidt to pay the liabilities of the firm. This agreement was contained in a deed made and accepted after the final decree in the chancery suit was entered. The obligation of appellant to pay the present claim rests upon and grows out of the agreement in the deed. Hence the chancery proceeding can not be regarded as a bar to recovery in the present action.

The third question has reference to the refusal of the trial court to allow the defendant below to introduce certain testimony offered by him. He offered to prove by two of the arbitrators, that they offset the claim sued upon in this action against the services of appellant as manager and receiver, and that thereby appellee's claim for $1881.93 is paid. There was no error in rejecting the offer so made.

By the stipulation between the parties in the chancery suit, the arbitrators were to allow Schmidt a reasonable compensation for his services as manager and receiver, and, by the form of report or award prescribed for the arbitrators in the stipulation, they were to deduct the amount of this compensation in ascertaining the value of the assets. They made their award

in pursuance of the terms of the stipulation and adopted the form of report therein specified. The award shows on its face, that, in ascertaining the value of the assets, they deducted Schmidt's compensation as receiver and manager. By so doing, they reduced the amount he was to pay for the assets and compelled the estate of Glade to contribute towards the payment of his compensation. The award was acted upon by the parties, Schmidt paying appellee one half the amount of the appraisement therein reported.

To allow two of the arbitrators to testify, that they disposed of the matter of his compensation in another manner than that stated in the award, would be to permit them to impeach their own award. This can not be done. (*Denman* v. *Bayless*, 22 Ill. 302; *Stone* v. *Atwood*, 28 id. 30; *Claycomb* v. *Butler*, 36 id. 100.) Where the arbitrators do not go beyond the terms of the reference, and there is no fraud or mistake, the award is conclusive upon the parties. (*Kimball* v. *Walker*, 30 Ill. 482; *Hadaway* v. *Kelly*, 78 id. 286.) And where the arbitrators recite in their award that they disposed of a matter, entrusted to their consideration, in the manner required by the agreement for submission, it can not be shown by parol evidence, that they disposed of such matter in another and different manner. Moreover, the fourteenth clause of the stipulation above referred to provides that "neither party shall be permitted to question the result of said report" of the arbitrators.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE BAILEY, having heard this case in the Appellate Court, took no part in this decision.