THE JOSEPH SCHLITZ BREWING COMPANY

v.

SOPHIE COMPTON.

*Real Property—Action on Case for Damages to House and Premises—
Damages to Freehold and to Possession—Plaintiff's Title—Sufficient Evi-
dence of— Evidence—Instructions — Damages—Irregular Conduct of
Juror—Right to Complain of, Waived.*

1.   In an action on the case brought by appellee against the appellant
to recover damages to her house and premises caused by water flowing
upon them from the roof of defendant's building, the action being both
for damages to the freehold and to the possession, this court holds that
the introduction of a deed to plaintiff in proper form and proof of pos-
session under it for nine years was sufficient *prima facie* evidence of
plaintiff's title to authorize a recovery.

2.   While plaintiff could not recover for damages to the possession of
a part of her house which was rented to another, yet she was entitled to
prove damages and recover therefor to that part of her freehold.

3.   Where permanent structures are erected which result in injury to
adjacent premises, all damages for such injury, past, present and pros-
pective, may be recovered in a single suit.

4.   If a party to a cause which is on trial is cognizant of an irregularity
in the conduct of a juror, and does not avail himself of the first oppor-
tunity to advise the court of it he waives his right to make such irreg-
ularity the ground of complaint.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Sangamon County; the
Hon. J. J. PHILLIPS, Judge, presiding.

Messrs. PALMER & SHUTT and C. A. KEYES, for appellant.

Messrs. PATTON & HAMILTON, for appellee.

MR. JUSTICE BOGGS.    In this, an action on the case, a judg-
ment was rendered in the Circuit Court of Sangamon County
against the appellant in the sum of $1,100 for damages to a
house and the premises of appellee occasioned by water

flowing from the roof of a building of the appellant company. The judgment included damages to the freehold and also damages to the possession. It is insisted that there was no evidence adduced that established or tended to establish paramount title in the appellee to entitle her to recover damages for a permanent injury to the realty. The appellee produced in evidence a deed unobjectionable upon its face, purporting to convey the property to her and proved that under such deed she had been in possession for nine years or more. The building was a large two story brick erected by the appellee and which she and her husband and family had occupied as a residence for at least eight years, except one of the front rooms upon the first floor which was used for a butcher shop. Prior possession with claim of ownership is evidence of a title in fee sufficient to warrant a recovery, even in ejectment, unless a better title be shown. Barger v. Hobbs, 67 Ill. 592. The possession of the appellee under a deed purporting to convey the whole to her in fee was *prima facie* evidence that she was the owner in fee of the premises described in the deed and threw upon the appellant the burden of rebutting the presumption thus raised. Davis v. Easley, 13 Ill. 192. One in the actual possession of land claiming the fee and having a deed purporting to invest him with the fee is presumed in law to be the owner until the contrary is shown. Brooks v. Bruyn, 18 Ill. 539. In trespass to real estate possession alone by the plaintiff is sufficient proof of title where no effort is made by the defendant to show an adverse title to that of the plaintiff. City of Chicago v. McGraw, 75 Ill. 566. The appellee therefore was properly allowed to offer proof of injuries to the freehold. The room used as a butcher shop was not during all the time in question in the possession of appellee. Her husband occupied it as a butcher shop a portion of the time, paying her no rent and being liable for none, and it was also rented for another period of time to one Gribe. The position of the appellant that the appellee could not be allowed damages for an injury to the possession of that room while occupied by Gribe is correct. The

Circuit Court so distinctly held when passing upon an objection to the testimony of Gribe. The objection to the testimony in this respect was not made until the witness had testified about such damages. The court held it was improper, so advised the jury orally and suggested to counsel that the jury could be further advised by an instruction. Counsel for appellant, as the proper instruction for this purpose, asked the following :

" The court instructs the jury that if they believe from the evidence the plaintiff had not had the actual possession of the butcher shop mentioned in the evidence in this case, during the time since the erection of the building of defendant mentioned in the evidence, then the plaintiff can not recover for any damage done to that part of the building of plaintiff known as the butcher shop and cellar thereunder."

The refusal of the court to give the instruction as asked is assigned for error. It announced the law to be that the appellee could not recover for any damages done to that part of the building known as the butcher shop and cellar," while as we have seen she was the owner in fee and entitled to recover for all damages to the butcher shop and cellar, except damages merely affecting the possession. The instruction was properly refused. The appellee claimed, and the evidence showed injury to the wall and windows of the butcher shop and to the floor of the cellar, and damages because of such injury was properly recoverable; and there is no reason to suppose that the jury considered injury to the use and possession, though incidentally mentioned by Gribe. They were advised by the first instruction given for the appellee that she could recover damages to the possession of such portion of the premises as was in her possession.

There is a space of ground thirty-seven inches in width between the building of the appellee, and that of the appellant, in which the appellee had constructed three area ways, each two feet deep and eighteen inches wide. It was proven and not contradicted that the wall of appellee's building was two feet within the line of her lot. The court refused, upon request of the appellant, to instruct the jury that

if they believed from the evidence that these area ways were upon the land of the appellant, and that the injury to the appellee was caused by water running into the area ways that appellee could not recover.  There was no proof that the appellant owned or claimed to own the space of ground within which the areas were constructed, and for that reason if no other the instruction should have been refused.  The court allowed appellee to present testimony as to damages occasioned to her premises by water flowing from the roof of the appellant's building after the institution of the suit, and refused to instruct the jury " not to take into consideration damages which had occurred to the property after the commencement of the suit."  Where permanent structures are erected which result in injury to adjacent premises, all damages for such injury, past and prospective, may be recovered in a single suit.  C. & N. W. Ry. Co. v. Hoag, 90 Ill. 339; 5 Am. & Eng. Encyc. of Law, 20.

The evidence as to the amount of the damages was conflicting.  There is sufficient testimony in the record to support the conclusion reached by the jury and we do not feel called upon to disturb their finding.  During the progress of the trial three members of the jury, without the knowledge of the court or of the appellee, visited and inspected the premises of both the parties to the suit.  This misconduct of the jury was presented to the Circuit Court by the appellant as ground for a new trial.  It was brought to the notice of the court by the affidavits of I. M. Gaessler and Charles S. Seamen, two of appellant's employes.  The appellee, over the objection of the appellant, was permitted to file counter affidavits of Martin Hemineger, one of the jurors, and of the appellee and her husband, Peter Compton, and of Charles Pflueger, the agent of the appellant.  The facts thus elicited are that three of the jurors, without the knowledge of the appellee, did visit the premises during the progress of the trial and were seen there by Gaessler and Seamen, appellant's employes, both of whom were also witnesses for the appellant before the jury.  Gaessler was in appellant's building when the jurors were there and told

them he was glad they had come and hoped the other jurors would also come, while Seamen invited them to come into appellant's office and drink some beer. Charles Pflueger, agent of the appellant, having general charge of its business in Springfield and of this suit, saw a man looking at the premises and was told by Seamen, his clerk, that it was one of the jurors. Soon after this Pflueger came into the court and proceeded with the trial of the cause without preferring complaint or expressing dissatisfaction because of the action of the jurors. After the jury had retired to consider of their verdict, Pflueger informed Mr. Keys, one of appellant's attorneys, that a juror had visited the premises, but no complaint was made by the agent or Mr. Keys to the court. After the verdict was returned against the appellant complaint of the irregular acts of the jurors was made for the first time in a motion for a new trial. It is not shown, or so far as we are advised contended, that the jurors were influenced by what they saw, heard or learned while at the premises. The Circuit Court held that it was the duty of the appellant, if it desired to complain of the conduct of the jurors, to have done so at the first opportunity. This ruling was, we think, correct, and warranted by the facts before the court. If a party to a cause which is upon trial is cognizant of an irregularity in the conduct of a juror and does not avail himself of the first opportunity to advise the court of it, the right to make it the ground of complaint must be held to be waived. A party can not in such case remain silent, take his chances of a favorable verdict and retain the right to bring it forward as a ground for a new trial if the verdict is against him. Stampofski v. Steffens, 79 Ill. 303; Thompson on Trials, Sec. 2613.

We find no reason requiring a reversal of the judgment and it is affirmed.

*Judgment affirmed.*