## Jacob Glos v. Jennie Louise Larson.

## Gen. No. 13,626.

1. MASTER IN CHANCERY—*when findings of fact by, will not be disturbed.* Before the findings of fact of a master will be disturbed it must clearly and manifestly appear that he was in error.

2. TAX CERTIFICATE—*what not valid assignment.* While the statute provides that a tax sale certificate is assignable by indorsement, and that an assignment thereof shall vest in the assignee all the right, title and interest of the original purchaser at the sale, it does not follow that an indorsement in blank is sufficient to transfer the ownership thereof.

3. TENDER—*effect of, upon taxation of costs.* In a proceeding to cancel a tax sale certificate as irregular and void, it is not error, upon sustaining such a proceeding, to tax all costs against the defendant accruing subsequent to a tender of the amount due under the certificate.

Bill for injunction, etc. Appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Affirmed. Opinion filed January 14, 1908.

**Statement by the Court.** The bill in this case was filed in the lower court on January 22, 1906, by appellee against Jacob Glos and the County Clerk of Cook county, alleging among other things that she was the owner of the property in question and had been in possession thereof for a long time prior

Glos v. Larson.

thereto; that a certificate of sale had been issued to the said Glos, who was still the owner and holder thereof, and that said certificate was void because no notice had been served upon the owners or parties in possession of the premises, and that the holder of the certificate was not entitled to a deed.

The bill prayed for an injunction against Glos restraining him from applying for a deed on the certificate, and enjoining the County Clerk from issuing a deed.

Appellant Glos answered, and a replication was filed by appellee. The cause was referred to a master in chancery, who, after hearing the evidence, made a report finding the allegations of the bill to be true, and recommending a decree in accordance with the prayer of the bill. Objections and exceptions were filed to the report, which were overruled respectively by the master and the court, and a decree was entered in accordance with the prayer of the bill.

JOHN R. O'CONNOR, for appellant.

DAVID G. ROBERTSON, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The master found from the evidence, and the decree so finds, that Jacob Glos was, at the time of the filing of the bill of complaint and at the time of .the report, the owner and holder of the certificate of sale, and that A. A. Timke was the agent of Glos. It is urged that this finding is unsupported by the evidence.

We have duly considered the evidence and find that it supports the finding of the decree. Appellant did not testify in the case. Timke, who had been appellant's clerk for nearly fourteen years, testified that he was the owner of the certificate in question which had been indorsed to him in blank by Glos. His testimony, we think, shows that he was acting merely as the agent of appellant, and that the contention that

he, Timke, was the owner of the certificate was a mere pretense and a subterfuge. The master saw and heard the witness and was in a better position to determine the truth in respect to this contention than the chancellor or this court. Even though we were in doubt as to the correctness of his finding, we would not be justified in disturbing the decree on the evidence. It must appear manifestly and clearly to us that the master was in error in his conclusion upon the facts before we are justified in substituting our own conclusion for his, the chancellor having approved his finding. Miltimore v. Ferry, 171 Ill. 219; Siegel et al. v. Anduras & Co., 181 id. 350; Jamieson et al. v. Wallace et al., 60 Ill. App. 618; Lawther v. Thornton, 67 id. 214; Huhman & Co. v. McBryde, 80 id. 592.

While the statute provides that a tax sale certificate is assignable by indorsement, and that an assignment thereof shall vest in the assignee all the right, title and interest of the original purchaser at the sale, it does not follow that an indorsement in blank is sufficient to transfer the ownership thereof. Chicago Tr. & Sav. Bank v. Trust Co., 190 Ill. 404. In our opinion the evidence does not show a valid legal assignment of the tax certificate to Timke.

The decree finds that in compliance with an order of court theretofore entered in the cause, the complainant on July 3, 1906, tendered to appellant in open court the sum of $14, which sum was more than sufficient to reimburse him for the amount paid by him for said certificate of sale, subsequent taxes, costs and appearance fee in this cause paid by him and interest, and that he refused to accept the same, and thereupon it was deposited with the clerk of the court, subject to his order. It was not error, we think, to tax the costs of the suit which accrued subsequent to the tender, against appellant.

The record is free from substantial error, and the decree is affirmed.

*Affirmed.*