Samuel B. Wechsler, Appellee, v. Jacob Gidwitz and Community State Bank, Appellants.

Gen. No. 32,673.

Opinion filed October 3, 1928.

GALLAGHER, SHULMAN & ABRAMS, for appellants; VINCENT G. GALLAGHER and MEYER ABRAMS, of counsel.

ROSENBERG, BRAUDE & ZIMMERMAN, for appellee; H. J. ROSENBERG, IRVING ZIMMERMAN and ABRAHAM MILLER, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opin-. ion of the court.

Complainant filed his bill to set aside the award of a board of arbitrators, composed of the Hon. Harry Fisher, a judge of the circuit court of Cook county, Charles S. Smith and William E. Nichols. The submission was in writing between the complainant and the defendants. The defendants answered, in the main denying the material averments of the bill, and filed a cross-bill praying for a decree dismissing complainant's bill for want of equity, confirming the award of

the arbitrators and that the award be ordered carried out and enforced. Complainant answered the cross-bill.

Replications were filed by the complainant to defendants' answer and defendants (cross-complainants) filed a replication to the answer of complainant to the cross-bill.

There was a reference to a master who heard all the proofs and reported thereon his findings to the court and recommended that a decree be entered dismissing complainant's bill for want of equity, and granting to cross-complainants the relief prayed in their cross-bill. To the report of the master complainant interposed objections which were overruled by the master. Exceptions to the master's report were filed before the chancellor, which exceptions were sustained and a decree entered granting to complainant the relief prayed by him in his bill. Defendants bring the record here for review by appeal.

Defendants, cross-complainants, argue for reversal, aside from the formal assignments of error, principally, that the chancellor erred in not dismissing complainant's bill for want of equity and granting the relief prayed for in the cross-bill; also in finding that there was an oral agreement between the parties that no lawyers should participate in the hearing before the arbitrators; that it was error to admit the testimony of arbitrators Nichols and Smith in an attempt to impeach the award.

The agreement of submission to arbitration between the parties contained the following as to the disputed matters submitted:

"The said Samuel B. Wechsler has filed a declaration against the Community State Bank, a corporation, and the said Community State Bank, a corporation, filed certain counter claims and other defenses against said claims in case # 376135, Superior Court of Cook County, and the said Community State Bank, a corpo-

ration has filed an action in the Municipal Court of Chicago, Case # 859003 against the said Samuel B. Wechsler, and has filed a statement of claim in said action in the said Municipal Court and the said Samuel B. Wechsler has filed certain counter claims and other defenses in said action, and the said Samuel B. Wechsler having filed a declaration against Jacob Gidwitz in Case # 373315, Superior Court of Cook County, and the said Jacob Gidwitz having filed certain counter claims and other defenses against said claim, of the said Samuel B. Wechsler, and

"Whereas, certain other claims, demands and controversies and disputes exist between the said parties with reference to certain transactions heretofore had between them which said claims, demands, controversies and disputes are for moneys claimed to be due each from the other, and for other personal property with reference to certain agreements, representations and obligations from and to each other."

The submission clause makes it a statutory arbitration by direct reference to the statute and is in the following terms:

"It Is Further Agreed that the Award of said Arbitrators or the majority of them shall be binding and conclusive upon all the parties hereto; that the instrument of Submission to Arbitration and Award may be filed in the Superior Court of Cook County and shall be deemed to be a filing with the written consent of the parties to this submission; that Court shall thereupon take jurisdiction of the parties and subject matter of this submission without written pleadings; that a judgment or successive judgments of said Court shall be rendered upon any award or awards made pursuant to this submission, and that the judgment of said Court shall be final and that no appeal or writ of error will be prosecuted by each or either of said parties."

Furthermore, in a subsequent clause the following appears: "Said arbitrators shall conduct proceedings

in all things pursuant to the Arbitrations and Awards Act of the State of Illinois." There is also a provision that the agreement and the award of the arbitrators, or a majority of them, may be filed in the superior court of Cook county, which court shall take jurisdiction of the parties and the cause without written pleadings; that a judgment or judgments of the court shall be rendered upon any award made pursuant to the submission, and that the judgment of the court shall be final, and no appeal or writ of error sued out therefrom.

It appears without contradiction that Nichols was selected by complainant as his arbitrator, and that Smith was selected by the defendants as their arbitrator; that Judge Fisher was selected by Nichols and Smith as the third arbitrator or umpire. The evidence clearly demonstrates that Nichols and Smith were partisans for the respective persons who chose them, as above set out, and that Judge Fisher was the only impartial arbitrator who brought to the discharge of his duties an open and impartial mind and discharged the functions of his office with the utmost diligence and fairness, seeking for the right under the evidence heard and applying the law thereto as an ethical minded judge should do, and that he reached his conclusions after painstaking consideration of all the evidence submitted, applying to such evidence correct legal principles.

The submission agreement is the contract of the parties solemnly entered into in writing and it cannot in any manner be varied by any parol agreements made either prior or subsequent to the execution and delivery of the written submission. By its terms the rights of the parties must be adjudged, without any reference to claimed contemporaneous verbal understandings. Such are in law merged in the executed contract. *Clark v. Courter,* 280 Ill. 590, and *Podolsky v. Raskin,* 294 Ill. 443, are decisive on this point, which limits the arbitrators in their decision to the particular matters sub-

mitted in the writing. Again the rule is correctly stated in *Schmidt v. Glade,* 126 Ill. 485, where the court said:

"Where the arbitrators recite in their award that they disposed of a matter, entrusted to their consideration, in the manner required by the agreement for submission, it cannot be shown by parol evidence, that they disposed of such matter in another and different manner."

The master correctly held that no oral testimony of the arbitrators was receivable to impeach the award, although their evidence would be admissible to sustain it. The chancellor, in overruling this conclusion of the master, committed reversible error. What the court said in *Stone v. Baldwin,* 226 Ill. 338, hereinafter recited, is equally applicable to the instant situation:

"This testimony does not furnish legal basis for an attack upon the finding, as the testimony of an arbitrator showing that he alone has been guilty of misconduct will not be received to impeach an award. (*Claycomb v. Butler,* 36 Ill. 100; *Seaton v. Kendall,* 171 id. 410.)"

As there was no provision in the agreement of submission that none of the parties should be represented by counsel, it would have been proper if either of the parties desired so to be represented at the hearings. They had that right. In *Stone v. Baldwin, supra,* it was held either party had a right to be represented by counsel before the arbitrators.

It is the law that the award of arbitrators may be impeached for fraud. However, there is no evidence in this record of any fraud inherent in any proceedings before the arbitrators.

Complainant was so far discredited that the master was justified in disbelieving his testimony wherever it was met by contradiction in the evidence of other credible witnesses. The testimony of Judge Fisher sustains the award of the arbitrators in every essential

particular. While Nichols refused to sign the award, he agreed to it, so that as a matter of fact the award met with the unanimous concurrence of all three of the arbitrators. Judge Fisher in his evidence fully and explicitly explains every challenged occurrence which in every substantial way is confirmed by the record.

In answer to the contention that the claimed misconduct of Smith as arbitrator is sufficient to impeach the award, we say that there is no misconduct proven against Smith, which in the slightest degree tends to impeach the award. If such contention was ever available to complainant, the point comes too late to be availed of by him for the reason that he admits he knew of Smith's bias before the rendition of the award and so knowing did not make any complaint or raise any objection thereto until after the rendition of the award. Such objection comes too late to be availed of. As said in *Seaton v. Kendall,* 61 Ill. App. 289:

"It is manifest that appellant, being well aware of the conversation between the arbitrator and appellee, instead of revoking the submission as he then might, went on to a final hearing and finding by the arbitrators.

"We think that he cannot be permitted thus to experiment with the tribunal he had agreed in creating, to occupy the position that he would rest content with its judgment if in his favor, while he held in reserve a complaint he would make if he was not satisfied with the decision. His silence, after he became aware of what he now terms improper conduct, must be regarded as a waiver of such impropriety. *Stampfoski v. Steffens,* 79 Ill. 303.''

This opinion of the Appellate Court was affirmed in 171 Ill. 410.

If a party to an arbitration, upon trial, is cognizant of any irregularity in the conduct of one of the arbitrators and does not avail himself of the first opportunity

to advise the arbitrators of such irregularity, the right to make it a ground of complaint must be held to be waived. *Joseph Schlitz Brewing Co. v. Compton,* 46 Ill. App. 34.

Max Schulman and Bernard Schulman were admittedly lawyers. Max Schulman was president of the defendant Community State Bank and appeared for the bank. The bank being a corporation must necessarily be in court by its president, or some other officer or agent. It was a party to the litigation and being an artificial person must appear by its officer or some agent. Bernard Schulman appeared at the request of the arbitrators. This he had a right to do. No impropriety can be deduced from the participation of either of the Schulmans in the hearing before the arbitrators.

The master both heard and saw the witnesses, privileges denied the chancellor, and therefrom was the better enabled to judge of the credibility of the several witnesses than the chancellor or this court. The decision of the master under these circumstances would be disturbed with reluctance and not at all unless we are able to say that the master's findings of fact are manifestly contrary to the probative force of the proofs found in the record. This we are unable to do after a careful examination of all the proofs. The findings of the master on controverted questions of fact are entitled to the same consideration as accorded to the verdict of a jury. *Story v. De Armond,* 179 Ill. 510.

In *Hickey v. Barrett,* 212 Ill. App. 86, this court promulgated such doctrine in the following words: "The master * * * saw the witnesses and heard them testify and the findings of facts made by him is entitled to consideration. *Keuper v. Mette's Unknown Heirs,* 239 Ill. 586; *Glos v. Larson,* 138 Ill. App. 412." And in *Chicago Title & Trust Co. v. Central Trust Co. of Illinois,* 312 Ill. 396, it was written "that the findings

of fact by the master are conclusive in such a case unless a clear mistake or fraud is shown.''

It is the opinion of this court that the master was right in his conclusions of fact and law, and in his recommendations to the chancellor as to the decree properly to be entered, and that the chancellor erred in disagreeing with and in not following the master's recommendations and in entering a decree contrary to the master's report. For these reasons the decree of the circuit court is reversed and the cause is remanded to the circuit court with directions to dismiss the bill of complainant for want of equity and to enter a decree granting defendants the relief prayed in their cross-bill, as recommended in the master's report.

*Decree reversed and cause remanded with directions.*

WILSON and TAYLOR, JJ., concur.