Root *v.* Renwick.

---

Anson Root, Appellant, *v.* George W. Renwick, Appellee.

APPEAL FROM KANE.

Every intendment is made in favor of an award.

It will not be presumed that arbitrators acted fraudulently, because they rejected evidence in relation to an issue before them, but the inference will be that other evidence had so far settled that inquiry as to render further proofs unnecessary.

Where allegations charge fraud and corruption against arbitrators, the proof must pursue the charges; error of judgment in law, mistake of facts, or in the amount allowed, cannot be shown.

A mere allowance of too little or too much, will not raise in itself a presumption of fraud.

In the absence of fraud, where matters of law and fact are referred to arbitrators, their reward is conclusive, if they are silent as to the law on the face of the award, although they may mistake it.

This cause was heard before J. G. Wilson, Judge, at May term, 1853, of Kane Circuit Court.

39 *

Root *v.* Renwick.

C. H. Morgan, for appellant.

S. Wilcox, for appellee.

Scates, J. Anson Root filed this bill to set aside an award of arbitrators, made under a submission bond, which enumerated the matters in controversy submitted, and which were to be determined "upon principles of law and evidence;" upon the ground, that the arbitrators "fraudulently, corruptly, and designedly, allowed the said Renwick damages for certain loss of water, claimed by" him, "also certain rent," &c. Also, disregarding the evidence, fraudulently made the said award, against the mutual agreement contained in said articles of submission; and "fraudulently, corruptly, and designedly allowed the same," and gave him, defendant, the benefit thereof, and fraudulently made their award in writing, contrary to law, and against the evidence, mutual agreement, and manifest rights of complainant.

It should be noticed that the award contains nothing upon its face; nor does the evidence show that the arbitrators acted upon any matter not submitted, or omitted to examine into those which were submitted. The whole question is narrowed down to the fraud, corruption, or undue influence, if any, under which they acted.

To this inquiry we therefore address our examination. This is greatly simplified by the proofs in this record. They establish the greater part of the evidence before the arbitrators, with some little addition as to the merits of some of the items of controversy. Some witnesses were examined before the arbitrators, according to the evidence here, who have not been reëxamined, nor any witness to show what testimony they gave before the arbitrators. It is not shown what proof was before the arbitrators, in relation to the amount of rent due and in arrear to complainant, or that any was offered; none appears in an exhibit "G." purporting to contain the proofs, in substance, before the arbitrators; the exhibit is without authentication or proof. If fraud, &c., were deducible alone from errors in the arbitrators, as to the law on the facts, or the facts themselves, or their calculations and reckonings, we should find great difficulty in convicting them of such errors, without all the proofs upon which they based their judgment.

The submission is made in the broadest sense, and confers the largest power upon the arbitrators, as to the principles upon which they may decide. See 2 Story, Eq. Juris. § 1454. And will authorize them to decide according to equity. There is no

proof of the alleged misconduct, except a refusal to hear, or a rejection of the proof offered by defendant, as to the damages sustained by him for want of water power. It is contended by the complainant that this is evidence of fraud in the arbitrators, and for which he has the right to have the award set aside. We are not prepared to admit either position. We are not advised of all the evidence before the arbitrators. If the lease was in evidence, we can see a reason for refusing any evidence of such damage; because, under the lease, he would have no right to claim more than he had provided for. He had the right to substitute a new wheel in the mill, in place of the one leased; but the water was to be drawn in a prudent and economical manner. If these alterations produced the loss, evidence of that loss need not have been heard. Again, in case of a breach or break in the dam or race, defendant is exonerated from any expenses in repairing. Here he protects himself from the expense of repairs; but makes no provision for his protection from the payment of rent, or for damage by stoppage, during the continuance of the breach. If this lease was in evidence before the arbitrators, and the loss of water appeared to be from such breach, no one could say they were corrupt, or acted fraudulently, in construing this lease as throwing that loss upon the lessee. Under this view, they might well reject evidence of damages, which they could not allow under his contract.

This hypothetical view of testimony which may or may not have been before the arbitrators, shows the necessity of adducing all the evidence before them; especially in this case, in which this refusal to receive this particular proof, and their opinion and award upon the whole case, is all that is offered to establish their alleged fraud and corruption. In Van Cortlandt *v.* Underhill, 17 Johns. R. 509, the court lay stress upon the refusal of appraisers to hear relevant, material testimony, holding it to vitiate the award. Such might or might not be its effect in this case; but we cannot so rule, without having the whole evidence before us which was before them. Every intendment is made in favor of the award. 1 Peters, R. 222; 34 Law Lib. 125, (Watson on Arb. and Award, 204); 11 Illinois R. 568. We will not, therefore, presume fraud in the arbitrators, from the fact that they rejected evidence in relation to an issue before them, but will presume that other evidence had so far settled that inquiry, as to render further proofs unnecessary.

Again, the proofs must pursue the allegations, which are fraud and corruption. 5 Gilm. R. 499; 11 Illinois R. 194, 361. Plaintiff cannot, under these allegations, show mere errors of judgment in law, mistake of facts, or in the amount allowed or re-

fused in the award. A mere allowance of too little, or excessive damages, will not raise a presumption of fraud of itself. Watson on Arb. and Awards, 299, (34 Law Lib. 173).

In the absence of fraud, &c., where matters of law and fact are referred to arbitrators, their award is final and conclusive, if they are silent as to the law on the face of their award, although they may mistake it. Watson on Arb. and Award, 289, (34 Law Lib. 168); 11 Illinois R. 565; 8 Eng. Com. Law R. 423; Camp v. Lyman, 1 Bingh. R. 104; Payne v. Massey, 9 Moore, 666; 17 Eng. Com. Law R. 129, and authorities referred to; 2 Story, Eq. Juris. § 1455.

*Decree affirmed.*