ELWYN D. SEATON

*v.*

EBENEZER L. KENDALL.

*Opinion filed February 14, 1898.*

1. ARBITRATION—*award of arbitrators may be filed in any court of competent jurisdiction.* An instrument submitting for arbitration a matter not in suit need not name any particular court in which the award shall be filed, but the award may be filed and judgment entered in any court of competent jurisdiction.

2. SAME—*when filing bill to enjoin award does not prevent court of law from taking jurisdiction.* Filing a bill to cancel an award and enjoin the entry of judgment thereon, together with service of summons upon the party in whose favor the award is made, does not prevent a court of law from entertaining proceedings by the latter to obtain judgment on the award, where no injunction was issued.

3. SAME—*presumptions are in favor of validity of award.* An award, being the judgment of a tribunal chosen by the parties, is to be liberally construed. Every reasonable intendment and presumption is in favor of its validity, and the burden is upon the objector to impeach it by competent evidence.

4. SAME—*an award is presumed to be upon the questions submitted.* An award which recites the questions submitted to the arbitrator the same as they are recited in the instrument of submission, and which states the arbitrator's conclusions thereon, will not be presumed to cover matters not submitted for his consideration.

5. SAME—*what is not such misconduct of arbitrator as vitiates award.* Where the amount in dispute is to be determined by an inspection

of books of account, the fact that the arbitrator, on finding that his calculation does not agree with the amount claimed by one party, turns the books over to him after the submission and in the absence of the other party, to enable him to discover the discrepancy, is not such misconduct as vitiates the award, where the explanation of the discrepancy is offered in the presence of the other party but is not accepted by the arbitrator.

*Seaton* v. *Kendall,* 61 Ill. App. 289, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

CLARK & CLARK, for appellant:

The court to which the first appeal is perfected obtains exclusive jurisdiction. *Aldrich* v. *Polo,* 8 Ill. App. 46.

In cases where a court of equity has concurrent jurisdiction with a court of law, the court which first acquires jurisdiction must hold and exercise it until the litigation is ended. *Whitney* v. *Stevens,* 97 Ill. 482.

There may be ample misconduct, in a legal sense, to make the court set aside an award, even when there is no ground for imputing the slightest improper motives to the arbitrator. Morse on Arbitration, 534; Russell on Awards, 654, 655.

If a party, his agent or attorney, converses with an arbitrator, after his selection, about the facts or merits of the case, an award in such party's favor should be set aside, on the presumption that it was obtained by improper influence. *Moshier* v. *Shear,* 102 Ill. 129.

Courts will not enter upon an inquiry of how far such conduct may, in fact, have produced harmful results, but will, at the instance of the party intended to be thus injured, set aside the award. *Catlett* v. *Dougherty,* 114 Ill. 568.

If an arbitrator unreasonably refuses to hear a competent witness his award will be set aside. Morse on Arbitration, 536.

TENNEY,·McCONNELL & COFFEEN, for appellee:

An award will be set aside for fraud only upon satisfactory proof. *Claycomb* v. *Butler*, 36 Ill. 100.

Arbitrators, by the submission, become judges, by the choice of the parties, both of the law and the fact, and from their decision there is no appeal, or review of any decision made by them within the scope of their powers, unless it be for fraud, partiality or misconduct. Nor will a mistake of law or fact by the arbitrators be ground for setting aside an award. *Sherfy* v. *Graham*, 72 Ill. 158.

The arbitrator is the final judge of all questions, both of law and of fact. Morse on Arbitration, 214; *Pulliam* v. *Pensoneau*, 33 Ill. 375.

He may disregard the strict principles of law and decide according to his views of what is right in the case. Morse on Arbitration, 217; *Boston Water Power Co.* v. *Gray*, 6 Metc. 131; 1 Am. & Eng. Ency. of Law, 675.

An award, like the finding of a court, is presumed to embrace all matters submitted, and unless impeached it is conclusive. The arbitrators are presumed to have considered all the evidence. *Hadaway* v. *Kelly*, 78 Ill. 286.

An award, being the judgment of a tribunal chosen by the parties, should be liberally construed. *Henrickson* v. *Reinback*, 33 Ill. 302; *McMillan* v. *James*, 105 id. 194.

An award should not be set aside on grounds not affecting the merits of the controversy. *Golder* v. *Mueller*, 22 Ill. App. 527; *Steere* v. *Brownell*, 113 Ill. 415.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In pursuance of section 16, chapter 10, of the Revised Statutes, providing for the submission to arbitration of controversies not in suit, the parties to this appeal entered into the following agreement of submission:

"*Know all men by these presents:* That whereas, a controversy is now existing and pending, but not in suit, between us, the undersigned, in relation to our partnership, under the name of

Kendall & Seaton, organized in 1885, to manufacture barrel hoops at Green Bay, Wisconsin, wherein Kendall claims from Seaton a sum due as Seaton's share of the losses in the business, we, the undersigned, do hereby submit to Gilbert G. Ogden, as arbitrator, the said matter of controversy existing between us, and we do hereby further agree that a judgment of any court of record competent to have jurisdiction of the subject matter of said controversy may be rendered upon the award made pursuant to this submission, in pursuance of the statute in such case made and provided.

"Dated Chicago, Illinois, December 12, 1894.

EBENEZER L. KENDALL,     [Seal.]
ELWYN D. SEATON.     [Seal.]"

The arbitrator heard and determined the matters in controversy, and made and published his finding that there was due and owing to appellee, from appellant, $1483.39, and this award, together with the submission and oath of the arbitrator, was filed by appellee in the Superior Court of Cook county February 1, 1895. Afterward, in pursuance of notice, appellee moved the court to enter judgment upon the award. Appellant appeared and filed objections and a cross-motion to set aside the award. By agreement the motion for judgment and the cross-motion to set aside the award were heard together. The court overruled the objections, denied the motion to set aside the award and entered judgment upon it. The judgment so entered was affirmed by the Appellate Court upon appeal.

The first objection to the entry of judgment is that no court was named in the submission. Chapter 10 of the Revised Statutes provides for submission to arbitration of two classes of controversies. The first embraces matters involved in any suit pending in any court of record, and as to them, by agreement, an order of submission is to be entered by the court, and the award to be filed in the court named in the submission. The other class includes controversies not in suit, of which no court has obtained jurisdiction, and they are provided for by sections 16 and 18, as follows:

"Sec. 16. All persons having a requisite legal capacity may, by an instrument in writing to be signed and sealed by them, submit to one or more arbitrators any controversy existing between them not in suit, and may, in such submission, agree that a judgment of any court of record competent to have jurisdiction of the subject matter to be named in such instrument shall be rendered upon the award made pursuant to such submission."

"Sec. 18. The award and instrument of submission may be filed in a court of record of competent jurisdiction, within the same time and upon like conditions, and notice and proceedings had thereunder and judgment entered, the same as if the award had been made in a suit pending in such court."

The statute does not require, in such a case, that the court shall be named in the submission, but the award may be filed and judgment entered in any court of record of competent jurisdiction over the subject matter named in the submission.

The next objection is, that before the filing of award in the Superior Court appellant had filed a bill in chancery in the circuit court of the same county, against appellee, to set aside the award, and summons had been served upon appellee. It is therefore claimed that the circuit court had first acquired jurisdiction over the subject matter of this proceeding. The prayer of the bill in chancery was, "that said award be canceled, set aside and for naught held, and that said defendant be enjoined from suing upon said award or from taking any action whatever toward securing a judgment upon the same." No injunction was obtained, and this prayer will at once make it appear that the circuit court had not acquired the jurisdiction claimed. The bill did not give the circuit court any right to enter a decree in enforcement of the award or in the nature of a judgment upon it. If the bill should not be sustained, the only decree that could be entered would be to dismiss it, and appellee would obtain

no affirmative relief.   No remedy for him was embraced in the subject matter of that suit, and its pendency neither affected his right to pursue the remedy given him by law nor the power of a court of law to grant it.   If appellee desired to stay the proceeding at law he should have asked for and procured an injunction.

The award is also attacked for the alleged misbehavior of the arbitrator, and for a refusal to hear evidence proposed to be offered by appellant.   In considering these objections every reasonable intendment and presumption is in favor of the validity of the award, and the burden rests upon appellant to impeach it by competent evidence. 2 Am. & Eng. Ency. of Law, (2d ed.) 774; *Merritt* v. *Merritt,* 11 Ill. 565.

The only evidence of any conduct of the arbitrator which is claimed to have been unfair, consists of affidavits that he made a certain statement after the award was made and published.   It is well settled that even direct testimony of an arbitrator is not admissible to impeach his award, and the evidence produced here was not even of that grade.   But if competent, we do not regard the statement sufficient to impeach the award.   The books of the firm showing its losses were before the arbitrator, and he made a trial balance from them which differed to the amount of $6.50 from figures made from the same books by appellee.   He gave the books to appellee, in the absence of appellant, to find the error or discrepancy if he could, and at the next session, in appellant's presence, appellee pointed out where he thought the discrepancy arose.   The explanation of what appellee claimed to have found as the error was made in appellant's presence, and the explanation was not adopted.   The arbitrator did not receive any evidence or communication whatever from appellee in the absence of appellant.   It is important that an arbitrator should not place himself in a position where he might be improperly influenced upon any question which he is to decide, but the mere

calculation, on the face of the books, of the amount of the account could not have produced any harmful result or affected the decision of the case. The arbitrator was, and for some time had been, the attorney of both parties and acted in the matter with reluctance. So far as appears there was the utmost good faith on his part.

The evidence alleged to have been rejected was a proposal of appellant to produce his wife as a witness on the question of the Statute of Limitations as to the length of time he had lived in Illinois, and the arbitrator said it was hardly necessary to bring her into court if she would testify the same as he had. If this can be said to be a refusal to hear the testimony of appellant's wife it was entirely proper, for the reason that she was not a competent witness.

It is also urged that the award finds an indebtedness, generally, from appellant to appellee. The award recites the questions submitted to the arbitrator the same as the submission, and finds the amount due. It is presumed to be upon the questions submitted. (*Hadaway* v. *Kelly*, 78 Ill. 286.) It is to be read in the light of the submission, and it will be presumed that it does not pass upon matters which were not submitted. (*Hubbard* v. *Firman*, 29 Ill. 90; 2 Am. & Eng. Ency. of Law,—2d ed.—740.) It does not purport to go beyond the submission, and should not be so construed.

The award seems to be free from legal objections, and it is conclusive upon the parties, both as to the law and the facts. (*Pulliam* v. *Pensoneau*, 33 Ill. 375; *Sherfy* v. *Graham*, 72 id. 158.) The award, being the judgment of a tribunal chosen by the parties themselves, is to be liberally construed for the purpose of sustaining it. (*Henrickson* v. *Reinback*, 33 Ill. 299; *McMillan* v. *James*, 105 id. 194.) We think that there was no fraud or unfair dealing by the arbitrator, and the award should be sustained.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*