Alice Bentkowski, Minor, By Frank Bentkowski, Her Father and Next Friend, Appellant, v. Jennie L. Bryan and E. C. Pierce, Appellees.

Gen. No. 9,368.

Opinion filed March 7, 1939.

Wright & Kamin, of Chicago, and Kerr & Phillips, of Pontiac, for appellant; Alfred Kamin, of counsel.

F. A. Ortman and Adsit, Thompson & Herr, all of Pontiac, for appellees.

Mr. Justice Wolfe delivered the opinion of the court.

Alice Bentkowski, a minor, by Frank Bentkowski, her father and next friend, filed a suit in the circuit court of Livingston county, against Jennie L. Bryan and E. C. Pierce for damages that she alleges she sustained through a collision between a car in which she was riding, and driven by her uncle, Julian Niemietz, and a car owned by Jennie L. Bryan, and driven by E. C. Pierce, her chauffeur. The complainant alleges that on October 25, 1936, the defendant, Jennie Bryan, by her agent and servant, E. C. Pierce, possessed and operated and controlled an automobile on Route No. 66, near the village of Cayuga, Illinois; that on the day aforesaid, the plaintiff was a passenger in an automobile which was being driven by her uncle on said high-

way, and while in the exercise of such ordinary and due care and caution for her own safety, as could reasonably be expected of a child of her age, understanding and experience. The defendants and each of them, individually and by agent, or servant, "then and there misconducted themselves towards the plaintiff in one or more of the following ways: (a) They carelessly and negligently drove their said automobile into the automobile in which the plaintiff was present. (b) With conscious indifference to surrounding circumstances and conditions, they wilfully and wantonly drove their said automobile into and upon the automobile in which the plaintiff was present. (c) Contrary to Paragraph 151 of Article VIII of the Revised Motor Vehicle Laws of Illinois, they carelessly and negligently drove their said automobile on the left half of the roadway. (d) Contrary to Paragraph 49(b) of Article VI of the Revised Motor Vehicle Laws of the State of Illinois, they drove the said automobile at an excessive and unreasonable rate of speed." The complainant further charges, as a direct and proximate result of the misconduct, etc., a collision occurred and the plaintiff was greatly injured and damaged. She asked judgment for said injuries in the sum of $75,000.

The defendants filed an answer to the complaint, which admitted the ownership of the automobile, and the agency of E. C. Pierce, in driving the same. The defendants specifically deny each and every allegation of negligence, carelessness, misconduct, or wanton conduct in the management of their car. They specifically deny that the plaintiff sustained any damage, because of any misconduct on their part, or that she is entitled to a judgment for damage against them, for any amount. The case was submitted to a jury for their consideration. During the trial, the plaintiff entered a motion to strike from the complaint, the charge of wilful and wanton conduct on the part of the defend-

ants. This motion was granted, and the same was withdrawn from the consideration of the jury. At the close of the evidence, the defendants entered a motion to exclude all the testimony of the plaintiff, and to instruct the jury to find them not guilty. This motion was refused. The jury found the defendants not guilty, and the plaintiff entered the usual motion for a new trial, which was denied, and the case is brought to this court for review.

The appellant relies upon two errors for the reversal of the judgment: First, that the verdict and judgment are contrary to the manifest weight of the evidence. Second, the court erred in giving defendants' instruction No. 9.

The record discloses, at the time and place of accident, that the pavement was an 18-foot concrete highway; that it was raining, or a drizzly day and the pavement was very wet and slippery; that the defendants were on their way from Chicago to their home in Peoria; that Jennie Bryan was the owner of the car, which was being driven by her chauffeur, E. C. Pierce; that Jennie Bryan was accompanied by a lady, and they were sitting in the back seat of her Buick automobile; that the car was proceeding in a southerly direction; that the plaintiff was riding in her uncle's Chevrolet along the same highway, and proceeding in a northerly direction, and that the collision occurred near the village of Cayuga.

The plaintiff offered evidence tending to show that the Bryan car, as it was being driven along on this pavement, was on the wrong side of the highway; that it was on the left side of the black line, and that the driver of the Chevrolet attempted to drive his car over on his left side of the pavement, in order to avoid a collision with the oncoming Bryan car, but that a collision did occur, and the child, Alice Bentkowski, was seriously injured. The defendants and their witnesses

denied that the Bryan car was being driven on the left side of the black line, and claimed that they were in the proper lane of traffic; that just before the accident, the Niemietz car skidded to the right of the pavement, and the right-front wheel went off the pavement, and Niemietz, in pulling the car back onto the pavement, lost control of the same, and it shot over in front of the defendants' car, and the collision occurred. The evidence tends strongly to show that this did happen. The witnesses testified that there was a fresh track or an imprint of a wheel of a car in the mud just off of the pavement, a short distance south of where the accident occurred. There was clay mud on the right-front wheel of the Niemietz car, and on the other wheels there was black slimy mud. Evidently, the jury believed the evidence of the defendants in preference to that offered by the plaintiff, and that the Niemietz car did skid and cause the accident. From a review of all the evidence, we think the jury was justified in coming to that conclusion.

The defendants' instruction No. 9, is as follows: ''You are instructed that if you believe from a preponderance of the evidence that the plaintiff was injured as the result of a mere accident which occurred without the fault, either of the plaintiff or of the defendants, or either of them, then you are instructed that the plaintiff cannot recover, and you should find the defendants, Jennie Bryan and Ernest Pierce, not guilty.''

Before the arguments of counsel to the jury started, the plaintiff asked to see the defendants' tendered instructions. They were given to the plaintiff's attorney, who examined them, and the court specifically asked the attorney, if he had any objection to instruction No. 9, which is now criticized, and he said that he did not. The plaintiff now insists that it was error to give this instruction. He admits that he examined

it and assured the court, that he had no objections to that instruction, but now insists it was error to give it, and because his client is a minor, 12 years of age, he could not bind her by his consent to have this instruction given when, in fact, it was a bad instruction. The appellees insist that the appellant is bound by the statement he made before the instruction was given, "that it was a good instruction, and he had no objection to it"; that after he has let the case go to the jury without any objection, he should not be allowed to speculate on what the verdict of the jury might be, and to say now that this instruction is erroneous. The appellees also contend that regardless of whether or not the plaintiff can properly raise this question, the instruction is good, and under the circumstances in this case, should have been given.

The defendants' evidence tended to show that they were not guilty of any negligence on their part, which proximately contributed to the injury of the plaintiff, and that the damage was not caused by the negligence of the plaintiff, the driver of the car in which she was riding, but by the skidding of the car which went off of the pavement, and while attempting to get it back onto the pavement, the driver lost control of the same, and drove directly into the path of the oncoming car. This is the theory upon which the defendant tried the case. It is a well settled rule of law that each side in any litigation is entitled to have the jury instructed relative to the theory of the law, upon which the case is tried.

The only authority cited by the appellant to sustain her contention, that the court erred in giving this instruction, is one from the Fourth District of the Appellate Court entitled the *Mississippi Lime & Material Co. v. Smith*, 282 Ill. App. 361. The appellee also relies upon this case. After discussing the facts in this case, the court uses this language: "There is a sugges-

tion that an accident brought about Douglas' death. That suggestion does not come from any evidence or circumstance in the case. It comes for the first time when the court by its charge injected into the case the theory that the death of Douglas might have come about through an accident, and if it did, there could be no recovery. It is true that this part of the charge is given in most personal injury cases, and in most injury cases the charge is proper, but in this case we can see nothing in this record,—certainly not of fact, and not of circumstance,—which could have suggested to the jury that the death of Douglas might have come about through an accident. It was wrong in our judgment for the court to make that suggestion for the first time. Instructions which suggest matter not suggested by the evidence have been universally condemned by our Supreme Court.''

The instruction given in the *Mississippi Lime & Material Company* case is identical with the one we are now considering. An examination of the language used by the court in the *Mississippi Lime & Material Company's* case discloses that there was no evidence on which to base such instruction, and in their opinion say: ''That such instruction is given in most personal injury cases, and in most of them, that such a charge is proper.'' In the case of *City of Chicago v. Lavelle,* 83 Ill. 482, the court, after discussing the facts, as appearing from the evidence, say: ''But, independent of this question, the record contains another error, for which the judgment must be reversed. The appellant requested the court to give to the jury the following instruction: 'If the jury believe, from the evidence, that the alleged injury was accidental, and that neither the plaintiff nor the defendant was negligent, the jury should find the defendant not guilty.' This instruction the court refused, nor did any other instruction that was given contain the same principle. If it be true that

the city was free from negligence, as the evidence introduced on the part of the defense tended to establish, and if it was also true that the injury was accidental, no argument is needed to show that the city could not be held responsible for the damages appellee had received. We perceive no objection to the instruction. The principle therein announced is correct, and it should have been given.''

In the case of *Brown v. Richardson,* 177 Ill. App. 488, the court refused to give a similar instruction in a personal injury suit. The plaintiff recovered a judgment, the same was reversed because no instruction given stated the law in regard to a mere accidental occurrence, when neither party was at fault, and held that the instruction should have been given.

Whether the plaintiff could, or could not waive any error by the trial court, in giving instructions to the jury, is not necessary for this court to decide, because the abstract shows that at the conclusion of the instructions given by the judge to the jury, we find the following: ''To the giving of each and every of said instructions, the plaintiff by her counsel, then and there excepted.'' This exception reserved any right that the plaintiff might have had to object to the instruction given to the jury, on behalf of the defendants. We think the instruction was a proper one in this case.

We find no reversible error in this case, and the judgment of the trial court is hereby affirmed.

*Affirmed.*