(No. 29584.—

CELIA M. KURTZON *et al.*, Appellees, *vs.* CELIA G. KURTZON *et al.*—(GARDEN CITY PLATING & MANUFACTURING Co., Appellant.)

*Opinion filed Sept. 18, 1946—Rehearing denied November 14, 1946.*

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, and EDWARD GRAFF, (JOSEPH B. FLEMING, THOMAS B. MARTINEAU, and EDWARD C. CALDWELL, of counsel,) all of Chicago, for appellant.

HENRY S. BLUM, and McINERNEY, EPSTEIN & ARVEY, (GEORGE L. SIEGEL, and BERNARD G. SANG, of counsel,) all of Chicago, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

On July 3, 1945, the superior court of Cook county entered a decree partitioning the two lots involved in this proceeding. The parties to the suit necessary to be mentioned here were Morris Kurtzon and Celia M., his wife, as plaintiffs, and George B. Kurtzon and Celia G., his wife, and the tenant in possession of the property, the Garden City Plating & Manufacturing Co., hereinafter referred to as the corporation. It was decreed that George B. Kurtzon, Morris Kurtzon and the Liberty Trust and Savings Bank were trustees holding the legal title for the use and benefit of Celia G. Kurtzon and Celia M. Kurtzon. It was decreed that Celia M. Kurtzon owned an undivided one-half interest and Celia G. Kurtzon the remaining one-half. Commissioners were appointed and reported to the court that the property was indivisible. They fixed the value at $120,420. On September 27, 1945, an order was entered which directed the master in chancery to sell the lots at public sale. The sale was held October 22 and, Celia M.

Kurtzon being the highest bidder, the master declared the lots sold to her on her bid of $270,000. The master's report, filed October 29, asked for confirmation of the sale to Celia M. Kurtzon. The corporation, Celia G. Kurtzon and George B. Kurtzon obtained leave to file a pleading attacking the sale and the decrees entered in the partition suit. The petition filed November 19 is designated by the parties filing it as objections to the master's report of sale and a petition in the nature of a bill of review to review the decrees formerly entered in the partition suit. The relief prayed was that the sale to Celia M. Kurtzon be set aside "unless said sale be confirmed on condition only that said Garden City Plating & Manufacturing Co. shall remain and have the right to remain in said premises as tenant in possession thereof as its factory and principal place of business as aforesaid, for a period of not less than eleven months from the date of confirmation of such sale, at the rental heretofore paid therefor as hereinbefore set forth or at any other fair and reasonable rental." In the event the sale to Celia M. Kurtzon was set aside and another sale ordered, the prayer was that Morris Kurtzon and Celia M. Kurtzon be enjoined from bidding at any future sale in competition with the corporation. As an alternative to the setting aside of the sale, there was a prayer that the decree of partition entered July 3, 1945, and the decree of sale entered September 27, 1945, be reviewed and vacated and the complaint for partition dismissed.

Morris Kurtzon and Celia M. Kurtzon moved to strike the objections and petition in the nature of a bill of review. After striking two paragraphs of the motion, the chancellor entered a decree setting the sale aside and ordering the master to resell on the same terms specified in the decree of sale entered September 27. The parts of the prayer to enjoin Morris Kurtzon and Celia M. Kurtzon from bidding at the sale and the prayer to vacate the decrees of July 3 and September 27 were denied. The corporation has ap-

pealed from the part of the decree which refused injunctive relief and which declined to entertain the petition as a bill in the nature of a bill of review. Morris Kurtzon and Celia M. Kurtzon filed a cross appeal from that part of the decree which set the sale aside and ordered a resale. George and Celia G. Kurtzon do not appear as parties on this appeal.

The matter having been disposed of on a motion to strike, the facts stated in the pleading will be taken as true. This rule does not, however, extend to conclusions drawn by the pleader. (*Barzowski* v. *Highland Park State Bank,* 371 Ill. 412; *Miller* v. *City of Chicago,* 348 Ill. 34.) It appears that in 1910 George B. Kurtzon and Morris Kurtzon, brothers, acquired title to the lots in question. The property was used as a site for the business in which they were engaged. Buildings were added from time to time to meet the demands of a growing business. About 1920 they executed trust deeds vesting legal title in trustees with the beneficial interest in their respective wives. On February 21, 1923, the Kurtzon brothers and others organized the Garden City Plating & Manufacturing Co., and the business and its assets were turned over to the corporation. The lots did not become property of the corporation but it continued thereafter to pay Celia M. Kurtzon and Celia G. Kurtzon $1800 per month as rental. The corporation also paid taxes and maintenance charges which made the monthly rental practically net.

The prayer to enjoin Morris Kurtzon and Celia M. Kurtzon from bidding at another sale is predicated on the theory that they stood in a fiduciary relationship to the corporation and its stockholders, and that bidding by them in competition with the corporation would be a breach of the confidential relationship existing between them. The facts upon which the charge of fraud is predicated are closely related to the facts from which it is claimed the confidential relationship arises and, therefore, there will be

no attempt to segregate them. To the time of the hearing the corporation had issued 2622 shares of common stock of the par value of $100, of which Morris Kurtzon, his wife and children owned 1037 shares; Celia M. Kurtzon owned 105 of said shares. George B. Kurtzon, his wife and son owned 1036 shares, and Charles E. Cohen, a brother-in-law of the Kurtzons, held individually and as trustee 517 shares. B. S. Lubinsky, an employee of the corporation and office manager, held 31 shares, and one of the attorneys of record for the corporation in this case, who was assistant-secretary, held one share. From the time of its organization to July 5, 1944, Morris Kurtzon was chairman of the board of directors, and George B. Kurtzon was president and general manager. At the annual meeting of directors held on July 5, George B. Kurtzon was elected to the office he formerly held and also to the position of chairman of the board. Morris Kurtzon continued as a director but held no office in the corporation.

On November 14, 1944, Morris and one of his daughters started a suit in the superior court of Cook county against the corporation, George B. Kurtzon and others, which suit purported to be a minority stockholders' action instituted on behalf of the corporation and all stockholders similarly situated. The purpose was to vacate the election of George B. Kurtzon as chairman of the board of directors and to compel such further action as would reinstate Morris Kurtson in his former position as chairman of the board, or elect him to the office of president and general manager. At the time of the hearing, that cause was pending on a reference to the master in chancery.

There is an attempt on the part of the corporation to plead an oral agreement not to partition. Three possible dates are suggested in the allegation, but since the corporation was to be the principal beneficiary of the agreement and it did not come into existence until February 21, 1923, it must be assumed that, if any agreement was made,

it was on or about that date. It is alleged that it was agreed and planned by Morris Kurtzon and his wife, George B. Kurtzon and his wife, and the corporation that so long as the Kurtzons and Cohen should continue to be the principal stockholders of the corporation, and so long as the corporation should continue to carry on a successful and profitable business and to pay substantial dividends, and so long as the corporation should continue to pay a reasonable rental for the factory and premises that "none of said joint owners would at any time demand or sue for partition of said factory and premises, or for any sale thereof, except upon condition that the corporation should be entitled to remain in possession of said factory and premises as its factory and principal place of business as aforesaid, for such period of time, at least, as might be necessary and required for it to purchase, lease or build and remove to another adequate factory, without cessation of its said manufacturing business."

During the recent war, the corporation accepted contracts to furnish manufactured articles for the armed forces and it is alleged that soon after it began to receive such contracts Morris Kurtzon adopted a course of conduct, toward the other directors, the employees of the company and its former customers, which was inimical to the interests of the corporation, and that as a result it was necessary to oust him as chairman of the board. We are not concerned with the cause of the dissention among the officers and directors of the corporation, nor will it be necessary to undertake to determine who was at fault.

The complaint for partition contained an allegation that the corporation was a tenant in possession of the property, holding by oral lease from month to month. The corporation was made a party defendant, and with George K. Kurtzon and Celia G. Kurtzon filed an answer. Its tenancy, or the terms under which it was in possession, was not disputed. The answer contained an allegation in

general terms that plaintiffs, Morris Kurtzon and Celia M., were not entitled to a partition. However, the introduction of evidence before the master, the stipulations entered into in reference to the title, all indicate that the allegation denying plaintiffs' right to partition was merely formal. There was no attempt to plead an oral agreement not to partition or any of the matters that were later contained in the objections and petition in the nature of a bill of review. There was no objection to the master's finding that the corporation was in possession under an oral lease from month to month. The matter proceeded to a decree of sale without any defense being interposed by the corporation or George B. Kurtzon and Celia G. Kurtzon. It appears in the petition that the only bids offered at the sale were by and on behalf of Celia M. Kurtzon and Celia G. Kurtzon. It should be noted that there is no claim that the property did not sell for its full, fair value, or that the sale was not open and fairly conducted. It should also be noted that nowhere in its petition does the corporation indicate a willingness to bid at a resale. It is alleged that at no time prior to or during the pendency of the partition suit did Morris Kurtzon or Celia M. Kurtzon indicate they would not continue to lease the property to the corporation in the event that they should become the purchasers. It is stated that at a meeting of the board of directors held on May 1, 1945, Morris Kurtzon proposed a resolution which was seconded by his son, which authorized the officers of the corporation to execute a lease for said premises. It is also stated that at a stockholders' meeting thereafter held the said Kurtzons voted against the same, and that the resolution was not approved by the stockholders.

To maintain a bill of review to open up a decree on the ground of fraud, charges and proof of fraud must be clear and conclusive. (*Plank* v. *Plank,* 303 Ill. 254; *Harrigan* v. *County of Peoria,* 262 Ill. 36; *Miller* v. *Rowan,* 251 Ill. 344.) A decree once entered in a court of record

will not be set aside except for strong and satisfactory reasons. It must not only be charged but the evidence must show that the fraudulent acts complained of operated to procure the decree attacked. (*Regner* v. *Hoover,* 318 Ill. 169; *Rae* v. *Hulbert,* 17 Ill. 572; *United States* v. *Throckmorton,* 98 U. S. 61, 25 L. ed. 93.) The corporation's petition could not be maintained as a bill in the nature of a bill of review by reason of new or discovered matter, for it appears from the allegations of the petition that the matters which are relied upon were known at the time it filed its answer to the complaint for partition. The officers of the corporation, George B. Kurtzon and his wife, knew of the oral agreement not to partition long before they filed their answer to the complaint. Failure to interpose such defense and have it determined in the prior decree is negligence which can not be excused in this character of an attack.

There is no basis of fact upon which it can be said that Morris Kurtzon stood in a fiduciary relationship to the corporation which would prevent him and his wife from protecting their interests at the sale. As noted, Celia M. Kurtzon was not a director or officer of the corporation, but she was the owner of an undivided one-half of a beneficial interest in the property which she had the right to protect at the sale.

The chancellor has a broad discretion in approving or disapproving sales made by masters in chancery, but this discretion must be exercised in accordance with the established principles of law. (*Wilson* v. *Ford,* 190 Ill. 614.) In this case there were no facts stated that would warrant the setting aside of the master's sale, and the court erred in so ordering. *Abbott* v. *Beebe,* 226 Ill. 417; *Kiebel* v. *Leick,* 216 Ill. 474.

That part of the decree appealed from which denied the corporation's prayer for injunctive relief and refused to entertain its petition as a bill in the nature of a bill of

review is affirmed. That part of the decree which vacated the sale of the property to Celia M. Kurtzon and ordered a resale is reversed. The cause is remanded to the superior court, with directions to enter a decree confirming the master's report of sale to Celia M. Kurtzon and to proceed in accordance with the views expressed.

*Affirmed in part and reversed in part
and remanded, with directions.*