Lois Williams, Plaintiff, v. Ralph A. Williams, Defend-
ant-Appellee, Eugene Martin and Helen Martin,
Intervening Petitioners, Appellants.

Gen. No. 46,651.

First District, Third Division.

November 2, 1955.

Released for publication December 19, 1955.

John T. Jones, and Kimball Smith, both of Chicago, for appellants.

Charles M. O'Brien, of Chicago, for appellee.

PRESIDING JUSTICE LEWE delivered the opinion of the court.

February 20, 1952, plaintiff Lois Williams obtained a decree of divorce from defendant Ralph Williams on the ground of extreme and repeated cruelty. The decree provided among other things that defendant pay to plaintiff "as and for the support of their minor child forty dollars a month payable semi-monthly." The parties stipulated that the custody of the minor child, Ralph Williams, Jr., born November 22, 1951, be awarded to plaintiff. Several days after the divorce decree was entered plaintiff remarried and went to Puerto Rico where she continues to reside. When the minor child was five days old he was left by plaintiff with her sister Mrs. Eugene Martin in whose custody he remained until the decree here appealed from was entered.

September 13, 1954 defendant filed a petition praying that the divorce decree be amended by awarding the custody of the minor to him. Mrs. Martin filed an answer. Subsequently upon leave of court Mrs. Martin and her husband filed an intervening petition asking that the custody of the minor be awarded to them. After a full hearing the trial judge denied the relief prayed for by the intervening petitioners and awarded the custody of the minor to defendant. The intervening petitioners appeal.

The record shows that on October 14, 1954 the trial judge entered an order referring the "matter" to the Cook County Bureau of Public Welfare to make an investigation of the respective homes of defendant and the Martins. The cause was heard on November 26, 1954. After the proofs were closed defendant's counsel

2

called the attention of the trial judge to the fact that the matter had been previously referred to the Bureau of Public Welfare for investigation. Then counsel for intervening petitioners stated, "I assume that such a report has been made for the court and the court has read it. Has the court any objection to permitting the respective counsel for the parties to see the report?" The trial judge replied, "Well, it is a confidential report. It is only for the purpose of the court. I will tell you substantially what it is. They are both good people and they are both good homes. The environments are practically the same in both homes and I have to decide on a purely legal proposition." The order here appealed from awarding the custody of the child to defendant found that "Ralph A. Williams and the petitioners Eugene and Helen Martin are all good Christian people" and that "all of them are fully satisfactory to this court."

█ The question presented at the outset is whether the trial judge erred in referring the matter to the Cook County Bureau of Public Welfare for investigation and in considering its confidential report in modifying the decree.

In Scott v. Cohn, 134 Ill. App. 195, involving the custody of a minor child after a divorce, counsel for both parties agreed that the chancellor investigate for himself for the purpose of deciding whether the custody of a minor child be transferred from the mother to the father. There counsel for appellant argued that the trial judge determined the issues not only by the evidence heard in open court but by an investigation which he caused to be made. The court said, at page 202:

"If the chancellor might decide partly on an investigation made out of court, such as it is claimed was made in this cause, then he might decide wholly on such investigation, the only difference between the two cases

3

being not in kind, but in degree. No agreement between counsel, such as is claimed to have been made, can bind the minor, whose interest is the main question to be considered."

In affirming that case our Supreme Court held (231 Ill. 556):

"While a very large discretion must be permitted the chancellor hearing these cases, yet it must be a judicial discretion and subject to review on the evidence heard in open court. The agreement of counsel cannot bind as to the interests of the minor, which is the paramount question in this proceeding. If the chancellor could decide partly on investigation made out of court, then the whole decision might rest upon such an investigation and could not be reviewed."

Under similar circumstances the same question was presented in Des Chatelets v. Des Chatelets, 292 Ill. App. 357, where the trial judge based his findings on a confidential report from the Social Service Department. The court, in referring to the confidential report said, at page 359:

"Whatever this may have been, does not appear from the record, and of course, we are unable to consider it. However, the record indicates that the court did consider it, and stated that he based his finding upon it. We are of the opinion that he was in error in so doing."

In Albert v. Albert, 340 Ill. App. 582, a divorce suit in which the husband was charged with extreme cruelty, it appears that toward the end of the trial the attorney for the plaintiff stated that he would like to offer corroborative testimony by the twelve-year-old daughter of the parties, Arlene Albert, but that he hesitated to call her to the stand. Her attorney suggested that the trial judge take the child into chambers out of the presence of both lawyers and interrogators. The

4

record shows that the witness was taken into chambers out of the presence of the parties and their counsel. What was said in the chambers does not appear in the record. The attorney for the plaintiff some weeks after the trial of the cause offered a written motion that the trial judge supply a written statement of the interrogation in chambers or that in the alternative the plaintiff be allowed to attach to the record an affidavit of the daughter purporting to record the proceedings which took place in the chambers between the child and the judge. The court made no ruling as to the competency of the affidavit but acceded to the attorney's request to allow it to be physically incorporated in the record. This court said, at page 585:

"We have given no consideration whatsoever to this document as on no theory can it properly be a part of the trial proceedings.

"We are concerned, however, with the action of the trial judge, then sitting as a trier of the facts, in receiving testimony bearing upon the issues of the trial then in progress, out of the presence of the attorneys and off the record. We have no possible way of knowing what was stated in chambers by the trial judge or Arlene Albert. What effect the child's statements had upon the trial court's decision in this case we cannot ascertain. The fact that this procedure was induced by the suggestion of the plaintiff and as a result of an agreement between the attorneys in no wise reaches the fundamental objection, which is that except for those matters of which the court may take judicial notice the deliberations of the trial judge are limited to the record made before him."

In the recent case of Callan v. Callan, 5 Ill.App.2d 480, also involving a petition to modify a divorce decree with respect to the custody of children, the court held that the trial court erred in considering the report of a probation officer regarding the mother's care of the

child for the reason that the probation officer was not before the court for examination.

During the pendency of a motion for a new trial in a murder case in People v. Cooper, 398 Ill. 468, the trial judge after finding the defendant guilty made a private investigation by viewing the scene of the crime and also exploring the background of certain character witnesses. The court said, at page 472:

"Exclusive of certain matters of which the court may take judicial notice, the deliberations of the trial judge are limited to the record made before him in open court. In short any private investigation by a court pending a motion for a new trial constitutes a denial to the defendant of the constitutional guarantee of due process of law."

Outside investigation through a specially appointed bailiff to ascertain the credibility of certain alibi witnesses at their place of residence in another State was disapproved in People v. McGeoghegan, 325 Ill. 337.

In the early case of Crabtree v. Hagenbaugh, 23 Ill. 349, the court held that:

"The policy of law requires, that all the proceedings of the court should be open and notorious, and in the presence of the party, so that if he is not satisfied with it, he may take exceptions to it, in the mode pointed out by the law, and not be put to extraneous proof to show that an error has been committed in a secret proceeding, and, in fact, out of court."

Defendant says that the trial judge did not base his finding on the confidential report. Even so, the error is not remedied thereby, for in Crabtree v. Hagenbaugh, where the trial judge spoke to the jury in a jury room, our Supreme Court, speaking through Chief Justice Caton, said:

"We choose to assume, that what was said and done by the judge while in the jury room, did not influence

6

the jury in their deliberations, for we think that, independent of its effect upon the jury, the judgment should be reversed, for the simple reason that such an interview did take place. If, in this case, no harm was actually done, and for that reason the verdict is allowed to stand, we open the door to the inquiry in all such cases, as to whether the party has been injured by the interview. Such an inquiry should not be tolerated."

From a reading of the record in the instant case it is manifest that the trial judge in directing the Cook County Bureau of Welfare to make an investigation of the respective homes of defendant and the Martins was motivated only by a desire to place the minor child in a suitable home. But, in our view under the authorities cited this practice is clearly in violation of the declared policy of the law in this State. Here the confidential report was not available to counsel for either party nor were the sources of information contained in the report identifiable. So far as the record shows the anonymous author of this report was not sworn nor was he available for cross-examination.

We are not unmindful of the rule defendant suggests that in a trial by the court without a jury it will be presumed that the trial judge did not consider immaterial or improper evidence in reaching his decision. In our opinion that rule is not applicable in the present case for the reason that the use of outside investigations and confidential reports contravenes the American ideal of due process of law (cf. Peters v. Hobby, 349 U. S. 331 [concurring opinion of Mr. Justice Douglas, p. 350]).

We rest our decision in this case on the sole ground that the use of the so-called "confidential report" is reversible error.

7

■■■■■■■■■■■■■■■■

For the reasons stated, the order appealed from is reversed and the cause remanded for further proceedings.

Reversed and remanded.

FEINBERG and KILEY, JJ., concur.