**In the Matter of the American Arbitration Association Arbitration Between Thomas Karaskiewicz, Plaintiff-Appellee, and Allstate Insurance Company, Defendant-Appellant.**

**Gen. No. 52,529.**

First District, Fourth Division.

April 16, 1969.

Tim J. Harrington, of Chicago (A. J. Petrucelli, of counsel), for appellant.

Herbert L. Wisch and Michael A. Mitzen, of Chicago (Dinah B. Dyer, of counsel), for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

Defendant appeals from a judgment of the Circuit Court denying its motion to strike the complaint and dismiss the suit, vacating the award of the arbitrator and

returning the cause to the American Arbitration Association for a full hearing. On appeal defendant contends (1) that the complaint should have been stricken for failure to include either a copy of the insurance contract on which the claim was founded or the relevant provisions thereof and (2) that the suit should have been dismissed for failure to state a cause of action. The complaint alleged that plaintiff had an insurance contract with defendant, that pursuant to the arbitration clause plaintiff sought arbitration of its uninsured motorist claims, that pursuant to the rules of the American Arbitration Association an arbitrator was designated and a hearing held and that plaintiff was apprised in writing that the hearing had been closed as of February 27, 1967. The complaint further alleged that subsequent to the closing of the hearing, on March 8, defendant sought leave to file a memorandum containing its statement of the facts and of the law involved in the case, that this violated Accident Claims Tribunal Rules No. 26 [1] and No. 27 [2] of the American Arbitration Association, and that without advising plaintiff that the hearing had been reopened the Arbitrator "took Defendant's Memorandum of Law, as irrefutable and confessed" and relied on it to the prejudice of the plaintiff. Defendant moved to strike

---

[1] SECTION 26. CLOSING OF HEARINGS—The Arbitrator shall specifically inquire of all parties whether they have any further proofs to offer or witnesses to be heard. Upon receiving negative replies, the arbitrator shall declare the hearings closed and a Minute thereof shall be recorded. If briefs are to be filed, the hearings shall be declared closed as of the final date set by the Arbitrator for the receipt of briefs. . . . The time within which the Arbitrator is required to make his award shall commence to run, in the absence of other agreements by the parties, upon the closing of the hearings.

[2] SECTION 27. REOPENING OF HEARING—The hearings may be reopened by the Arbitrator on his own motion, or upon application of a party for good cause shown, at any time before the award is made. . . .

the complaint and to dismiss the action but the court denied both motions and, at the same time, vacated the award. Leave to file an answer was denied.

Defendant first contends that his motion to strike the complaint for failure to attach a copy of the contract or the relevant provisions thereof should have been granted. Ill Rev Stats, c 110, § 36 (1967) provides in pertinent part that:

> If a claim or defense is founded upon a written instrument, a copy thereof, or of so much of the same as is relevant, must be attached to the pleading as an exhibit or recited therein . . . .

■ ■ Although it was conceded at oral argument that a copy of the insurance contract should have been attached to the complaint we were asked to decide the issue of whether an action could be brought under section 12(a)(3) of the Uniform Arbitration Act (Ill Rev Stats, c 10, § 112(a)(3) (1967)) which provides that an award must be vacated if "[t]he arbitrators exceeded their powers. . . ." The allegations of the complaint, which are admitted by a motion to dismiss, were:

(1) that after proofs were closed defendant asked leave to file a memorandum of law with the Arbitration Commission;

(2) that although a copy of the memorandum was sent to plaintiff no leave to file was granted;

(3) that contrary to section 27 of the Accident Claims Tribunal Rules the hearings were not reopened for the purpose of filing the memorandum; and

(4) that the Arbitrator "took the memorandum as irrefutable and confessed" and that he relied on it to the prejudice of the plaintiff.

The parties do not complain of any action of the Arbitrator during the hearing but only raise the issue of whether the term "power" includes the procedures to be followed by the Arbitrator after the closing of proofs. In

Fagnani v. Integrity Finance Corp., 53 Del 193, 204-05, 167 A2d 67, the court decided that the provision in the Standard Form of Arbitration Procedure setting a time limit for the arbitrator's decision was mandatory. The court stated at page 73:

> The parties have written this contract adopting the Standard Form of Arbitration Procedure as a part of the agreement. This court should not vary the terms of the contract nor should it write a new one for the parties. While it is true that settlement of a controversy by arbitration is favored by the courts, nevertheless, the authority of the arbitrators is derived from the mutual assent of the parties to the terms of the submission. The parties are bound only to the extent, and in the manner, and under the circumstances pointed out in their agreement, and they have a right to stand upon the precise terms of their contract. Machine Printers Beneficial Ass'n of United States v. Merrill Textile Paint Works, 12 NJ Super 26, 78 A2d 834; United Electrical Radio & Machine Workers of America, Local 411, C. I. O. v. National Pneumatic Co., 134 NJL 349, 48 A2d 295.

We believe the same principle is applicable in the instant case. The rules provided in effect that the closing of the hearings is a cutoff date for the submission of evidence or briefs. If briefs are to be filed thereafter the hearing must first be reopened and a new date set for closing the hearing. This was a grant of a "power" under the contract which required that if briefs were to be filed after the hearings were closed, the hearings would have to be reopened for that purpose. Although defendant requested leave to file the memorandum, no order was ever entered thereon and no hearing date set. Therefore, a consideration of the memorandum by the arbitrator as alleged in the complaint would exceed the "power" granted him by the contract.

■ We hold that the court's finding that the complaint stated a cause of action is proper. Plaintiff's allegations in the complaint that he did not file an objection or reply to the application for leave to file the memorandum do not constitute a waiver of the rules providing for a reopening of the hearing. There was no obligation on him to object since the application might have been denied or if allowed, he had a right to rely on the observance of the rules, viz., that the hearing would be reopened. There was no obligation on plaintiff to reply until leave to file was actually granted.

■ With reference to the trial court's refusal to permit defendant to file an answer after its motion to dismiss was denied we find that after a denial of a motion to dismiss the defendant has a right to answer. Lake View Trust & Savings Bank v. City of Chicago, 314 Ill App 386, 41 NE2d 208 (abst).

The judgment is reversed and the cause is remanded to the Circuit Court with directions to strike the complaint for failure to attach a copy of the contract, to grant plaintiff leave to file an amended complaint and to proceed in a manner not inconsistent with this opinion.

Reversed and remanded with directions.

McCORMICK, J., concurs.

ENGLISH, J., concurring in part and dissenting in part:

I agree that failure to comply with section 36 of the Practice Act would, in itself, be a sufficient reason to strike the complaint. Ill Rev Stats (1967), c 110, § 36. If that were as far as it went, I would concur in the conclusion to reverse and remand with directions that plaintiff be granted leave to amend his complaint by attaching the pertinent parts of the insurance policy. I must take exception, however, to the majority's interpretation of section 12(a)(3) of the Uniform Arbitration Act as a

guide for further proceedings in this case. Ill Rev Stats (1967), c 10, § 112(a)(3).

Though not true earlier, it has long been a generally recognized principle that courts should look with favor upon arbitration as a method of settling controversies. Brown v. Atwood, 224 Ill App 77. As stated in Burchell v. Marsh, 58 US (17 How) 344, 349:

> Arbitrators are judges chosen by the parties to decide the matters submitted to them, finally and without appeal. As a mode of settling disputes, it should receive every encouragement from courts of equity.

See also School Dist. No. 46 v. Del Bianco, 68 Ill App2d 145, 156–157, 215 NE2d 25.

From this point of view, the rule was evolved that "if an award is in conformity with the general submission and no fraud or mistake appears on its face it will not be interfered with or set aside . . . ." Podolsky v. Raskin, 294 Ill 443, 454, 128 NE 534; see White Star Min. Co. of Illinois v. Hultberg, 220 Ill 578, 77 NE 327.

Historically, an arbitrator's award would be vacated upon the following grounds: fraud, corruption or other undue means (e. g., Commercial Union Assur. Co. v. Parker, 119 Ill App 126); a patent error appearing on the face of the award (e. g., First Nat. Oil Corp. v. Arrieta, 2 Misc2d 225, 151 NYS2d 309); misconduct by the arbitrator (e. g., Jones v. Bishop, 218 Ill App 318); an exceeding of his authority by the arbitrator (e. g., Bierlein v. Johnson, 73 Cal App2d 728, 166 P2d 644).

Section 12(a) of the Uniform Arbitration Act now provides:

> (a) Upon application of a party, the court shall vacate an award where:
>
> > (1) The award was procured by corruption, fraud or other undue means;

376

(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any one of the arbitrators or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing . . . as to prejudice substantially the rights of a party; or

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under Section 2 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

Ill Rev Stats (1967), c 10, § 112(a). The parallel with the traditional grounds is apparent. Cf. Ill Rev Stats (1959), c 10, § 11; Historical and Practice Notes, SHA, c 10, § 112.

However, in construing section 12(a)(3), the majority have, I believe, divorced from its traditional meaning the ground for vacating an award where "the arbitrators exceeded their powers." In Cook v. Carpenter & Cook, 34 Vt 121, 126, the court stated:

[T]he *power of the arbitrator or referee extends to just what the parties have agreed to submit* and no more; and if he undertakes to try other matters not submitted, the award is invalid. [Emphasis added.]

In other words, the "power" of an arbitrator refers to the "scope of the submission." E. g., Leslie v. Leslie, 50 NJ Eq 103, 24 A 319; Harnick v. Buffalo Brake Beam-Acme Steel & Malleable Iron Works, 127 NYS2d 308;

Screen Cartoonists Guild, Local 852 v. Walt Disney Productions, 74 Cal App2d 414, 168 P2d 983. In accordance with this concept of an arbitrator exceeding his power, awards have been set aside when the arbitrator decided more questions than were submitted (e. g., Leslie v. Leslie, supra), when he did not decide all of the questions submitted (e. g., Palmer v. Van Wyck, 92 Tenn 397, 21 SW 761), and when he did not decide the questions submitted within the time in which he was empowered to render a decision (Fagnani v. Integrity Finance Corp., 53 Del 193, 167 A2d 67, the case relied on by the majority).

All the cases just cited do relate, in my opinion, to the scope of the submission, but from this premise the majority mistakenly conclude that the term "power" also encompasses the procedures to be followed by the arbitrator, and with this I cannot agree. In my opinion, neither the statute nor the decided cases contemplate that an arbitration award should be set aside on a mere procedural technicality. Clark v. Courter, 280 Ill 590, 117 NE 720; Steere v. Brownell, 113 Ill 415. To do so would be to make of an award the commencement of litigation rather than its intended end. See Burchell v. Marsh, supra, in which our highest judicial authority encouraged courts to recognize arbitration awards as determining disputes "finally and without appeal." I should think that if arbitration is to accomplish its purpose, it would have to be less technical than litigation in court, rather than more so. Yet, I cannot conceive of the possibility that, under facts similar to those alleged in this case, we would set aside a court's judgment as being void for want of jurisdiction. We might find impropriety or error, but we would not decide that a judge under these circumstances had exceeded his powers. See Williams v. Williams, 8 Ill App2d 1, 130 NE2d 291, in which use by the judge of outside investigations and confidential reports was held to constitute reversible error on the au-

thority of many cited cases, all relating to the question of error, and none holding that the power of the court had been exceeded.

In construing the word "powers" as used in the statute, I would equate it to the "jurisdiction" of a court. The sanction against the exceeding of his powers by an arbitrator is the same as a court's order which is outside its jurisdiction. It may be set aside simply on that account, and no prejudice to the rights of any party need be shown. One of the leading cases in this area of the law is Sherfy v. Graham, 72 Ill 158. In stating the question presented to it for decision, the court used the words "powers" and "jurisdiction" interchangeably, saying at page 160:

> But when the arbitrators refuse to hear, act upon and decide such matters as are embraced in the submission, or go beyond it and *exceed their jurisdiction*, the award may be set aside. Then, did the arbitrators *go beyond the powers* conferred by the submission in this case, and consider matters not embraced in the submission?

Certainly, if the arbitrator, through partiality or misconduct in committing an error of procedure, were to prejudice the rights of any party, it should be correctable, but the ground for vacating the award would then be section 12(a)(2) quoted above, and not 12(a)(3) as claimed in this case. Or, if the proper procedure were not followed, to the substantial prejudice of a party's rights, then section 12(a)(4) would be the appropriate basis for setting aside the award. It should be noted that the key concept in both of these sections is that a party who complains of the wrongs covered thereby must show prejudice to his rights in order to get into court; whereas, the concept of section 12(a)(3) imposes no such requirement because the award is considered void, being beyond the power

379

or jurisdiction of the arbitrator. Thus, I submit, all questions of error or impropriety must properly fall within sections 12(a)(2) and (4) and prejudice must be alleged.

Examination of the prayer of the complaint discloses that relief was requested under both subsections (3) and (4) of section 12(a), but no facts were alleged which would constitute substantial prejudice to plaintiff's rights under section 12(a)(4). Nor was a violation of subsection (4) argued in this court, so that claim may be considered abandoned. In directing further proceedings, we are limited, therefore, to a determination of whether the complaint adequately alleged a violation of section 12(a) (3). The majority finds that it does; I believe it does not.

It is understandable that plaintiff did not attempt to allege any facts to establish prejudice. Even if defendant's memorandum of law had been filed (which it appears not to have been), and even if it had been read by the arbitrator, it is beyond my comprehension that the rights of plaintiff would have been prejudiced.

The memorandum was attached to the complaint as an exhibit and is therefore available for our scrutiny. It is approximately one letter-size page in length. The first paragraph states that the testimony of the uninsured motorist and his brother was uncontroverted; that the driver, who had bought the car a few days earlier and had driven it only once before, was confronted with a sudden and unexpected failure of brakes. Then follows a quotation from 170 ALR 619, to the effect that liability arises only from negligence and attaches for injuries caused by defective brakes, only if the owner or driver is negligent in failing to discover the defect. In support of this proposition, three cases were cited: Bentkowski v. Bryan, 299 Ill App 217, 19 NE2d 841, Halligan v. Schulman, 31 Ill App2d 168, 175 NE2d 590, and Savage v. Blancett, 47 Ill App2d 355, 198 NE2d 120. And that is all there was to the "Memorandum of Law." It is hard to imagine a less innocuous document. Plaintiff does not

allege in his complaint, nor argue in this court, that the statement of the evidence was inaccurate, nor does he allege that the legal point made is an inaccurate statement of the law; nor does he claim that the award of the arbitrator was contrary to either the facts in evidence or the applicable law. On the contrary, plaintiff concedes that an arbitration award may not be set aside for errors of fact or law, and should be presumed valid. Yet, plaintiff does not allege that defendant's memorandum caused the arbitrator to reach an incorrect conclusion as to either fact or law, or that there was anything whatsoever which was erroneous about the award itself. In short, the complaint does not allege that there was anything wrong with the award.

Under these circumstances, I submit that our decision in this case goes far toward discouraging arbitration— when agreed principles teach us we should do the opposite—and it goes far also toward making arbitration more technical than a lawsuit. In my opinion, the law should not be that jealous a mistress, and I consider our decision in this case to be sharply anachronistic.

The majority opinion refers to four allegations as the basis of plaintiff's complaint. The first three do not state any grounds for relief since all they say is that defendant made application for leave to file a memorandum of law, upon notice and with copy to plaintiff; that the request was not granted; and that the hearings were not reopened. The fourth allegation says that plaintiff filed no memorandum of law in reply to defendant's, and that "thereupon the Arbitrator took Defendant's Memorandum of Law, as irrefutable and confessed, and, therefore, the Arbitrator considered no further, since the award of the Arbitrator was a denial of the Claimant-Plaintiff's claim based on a proposition of law that the uninsured motorist's negligence was excused because allegedly his brakes failed." Plaintiff does not claim that he was denied an opportunity to oppose defendant's application

381

for leave to file the memorandum, or that he was denied an opportunity to answer the memorandum.

No citation is needed to support the principle that a trial court (or arbitrator) must be given the chance to correct pending error, if the point is to be preserved for review. It seems certain that, if plaintiff had objected to defendant's request for leave to file its memorandum, the request would have been denied or plaintiff would have been given leave to reply. It is obvious, however, that plaintiff, in deciding not to object or reply, either recognized the irrefutable character of defendant's memorandum or sought to obtain a secret advantage, by waiting to see if the arbitrator might rule in his favor, and then, if not, to make the claim which has resulted in this litigation. Since the setting aside of an arbitration award is equitable in its nature, I am greatly impressed by the inequity of rewarding such a position. Even from a strictly legal point of view, this case presents a classic example of waiver.*

Before the close of the hearing, either party, as a matter of right, could have submitted a memorandum of law to the arbitrator. Further, the arbitrator had the right to reopen the hearing on his own motion. Since plaintiff was on notice, it would not have constituted misconduct per se for the arbitrator to have read the memorandum. Stone v. Baldwin, 127 Ill App 563, 571. Plaintiff knew of

---

*In Fagnani, the Delaware case relied on by the majority, the award was set aside as not having been filed within the time authorized by the submission. On that very point the Illinois statute recognizes the pertinence of waiver rules by specifically providing:

A party waives the objection that an award was not made within the time required unless he notifies the arbitrators of his objection prior to the delivery of the award to him.

Ill Rev Stats (1967), c 10, § 108. Obviously, all possible waivers cannot be covered expressly in the statute.

the contents of the memorandum and made no attempt to meet it. Stone v. Baldwin, 226 Ill 338, 344, 80 NE 890. While plaintiff was under no obligation to reply to the contents of the memorandum until leave to file was actually granted, plaintiff was obliged to object to any irregularity in the application before the arbitrator acted on it. If a party to an arbitration is cognizant of any irregularity in the conduct of the arbitrator and does not avail himself of his first opportunity to advise the arbitrator of such irregularity, the right to make it a ground of complaint is waived. Wechsler v. Gidwitz, 250 Ill App 136, 142–143. Plaintiff should not now be heard to complain about an alleged procedural error of which he was aware, and to which he raised no objection until after an unfavorable award had been filed.

> . . . he can not be permitted thus to experiment with the tribunal he had agreed in creating, to occupy the position that he would rest content with its judgment if in his favor, while he held in reserve a complaint he would make if he was not satisfied with the decision. His silence, after he became aware of what he now terms improper conduct, must be regarded as a waiver of such impropriety. Stampfoski v. Steffens, 79 Ill 303.

Seaton v. Kendall, 61 Ill App 289, 293, affd 171 Ill 410, 49 NE 561.

Further, in considering the sufficiency of the quoted allegation, we are governed by a number of well-established principles. As stated in Pierce v. Carpentier, 20 Ill2d 526, 531, 169 NE2d 747:

> Motions to dismiss or strike a pleading admit facts well pleaded, *but not* conclusions of law or *conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest.* [Emphasis added.]

383

Kurtzon v. Kurtzon, 395 Ill 73, 69 NE2d 341; In re Application of County Treasurer, 84 Ill App2d 456, 460, 228 NE2d 269. Such a motion does not admit conclusions of the pleader, opinions, or argumentative matters. Palier v. New City Iron Works, 81 Ill App2d 1, 225 NE2d 67. The motion does not admit the pleader's interpretation of facts or of exhibits embodied in the complaint. Lustgarten v. First Federal Savings & Loan Ass'n of Chicago, 42 Ill App2d 86, 90, 191 NE2d 434. The allegation that the arbitrator "took the memorandum as irrefutable and confessed" and that he relied upon it to the prejudice of plaintiff is argumentative, an opinion, a conclusion of fact unsupported by averments of the specific facts upon which it rests, and inconsistent with a proper interpretation of the exhibits attached to the complaint.

A pleading must contain direct, positive allegations of fact and not allegations which can be considered averments of fact only by inference. Jorgensen v. Baker, 21 Ill App2d 196, 157 NE2d 773. Among the material facts which were not precisely alleged is that the memorandum ever reached the arbitrator and that he did, in fact, read it before he filed the award. The point is especially significant since an arbitrator is incompetent to testify to facts impeaching his award. E. g., Wechsler v. Gidwitz, 250 Ill App 136. The allegation is also ambiguous as to whether the arbitrator accepted and relied on the statement of the law as was incidentally contained in defendant's memorandum, or whether he accepted and relied on the memorandum as a correct expression of law about which he had no prior independent opinion. On a motion to dismiss, ambiguities in the pleadings must be resolved against the pleader. Maramba v. Neuman, 82 Ill App2d 95, 227 NE2d 80.

Since, admittedly, the record does not show any action taken by the arbitrator on defendant's application for leave to file its memorandum of law, we must infer that

384

the arbitrator never read the memorandum. Courts must indulge all reasonable intendments to uphold an award, "as every presumption is in favor of the validity of an award." Clark v. Courter, 280 Ill 590, 605, 117 NE 720; Brown v. Atwood, 224 Ill App 77; White Star Min. Co. of Illinois v. Hultberg, 220 Ill 578, 77 NE 327; Merritt v. Merritt, 11 Ill 565; Root v. Renwick, 15 Ill 461. Therefore, we must presume that, since the application failed to make a showing of good cause and therefore did not comply with Rule 27 on the reopening of hearings (see majority opinion), the arbitrator ignored the request and did not read the memorandum. In order to overcome this presumption of regularity and state a claim, plaintiff would have to allege specifically in what way the appropriate procedure was violated. That the arbitrator may have happened to agree with defendant's interpretation of the law falls far short of the required standard.

For all of these reasons, I believe that although the attachment of the insurance policy to the complaint would cure one defect, it would still leave the complaint susceptible to defendant's motion to dismiss. Whether it could be amended to overcome what I consider to be its defect in regard to section 12(a)(3), I seriously doubt. In any event, I can't agree with the majority that it is sufficient as filed.